GEORGE A. BOWEN and SHIRLEY BOWEN, *Appellants,* v. THE CITY OF KANSAS CITY, KANSAS, A Municipal Corporation, SECRETARY OF TRANSPORTATION, STATE OF KANSAS and L. FRANK WILCOX, *Appellees.*

No. 53,437

A. POOLE AND B. BRUNKER, *Appellants,* v. CITY OF KANSAS CITY, KANSAS, A Municipal Corporation, SECRETARY OF TRANSPORTATION, STATE OF KANSAS and L. FRANK WILCOX, *Appellees.*

No. 53,441

CHARLOTTE McGOWEN, *Appellant,* v. THE CITY OF KANSAS CITY, KANSAS, A Municipal Corporation, SECRETARY OF TRANSPORTATION, STATE OF KANSAS and L. FRANK WILCOX, *Appellees.*

(646 P.2d 484)

Opinion filed June 11, 1982.

*John H. Fields,* of Carson, Fields, Boal, Jeserich and Asner, of Kansas City, argued the cause and was on the brief for each appellant.

*Harold T. Walker,* assistant city attorney, argued the cause and *Robert J. Watson,* city attorney, was with him on the brief for appellee City of Kansas City.

*Charles S. Scott, Jr.,* staff attorney of the office of chief counsel, argued the cause and was on the brief for appellee Secretary of Transportation.

*L. Frank Wilcox* argued the cause and was on the brief pro se.

The opinion of the court was delivered by

HOLMES, J.: This appeal involves three cases that were consolidated at the trial court level and they are consolidated on appeal. Plaintiffs in each case are landowners who in Count I of the petitions are claiming damages, due to flooding of their properties, on the theory that the defendants have created and are

maintaining a nuisance which results in periodic flooding. The defendants are the City of Kansas City, Kansas (City), the Secretary of Transportation, State of Kansas, and L. Frank Wilcox. Plaintiffs, in Count II of their petitions, also assert a claim against the Secretary of Transportation of the State of Kansas on the theory of inverse condemnation. The trial court sustained motions for summary judgment by all defendants in each case and the various plaintiffs have appealed.

The underlying facts in each case are similar and will be set forth as they apply to all plaintiffs. Additional facts as they apply to the plaintiffs in each separate case will be set forth as the various arguments and points on appeal are considered. The plaintiffs, when referred to individually, will be done so by name and when all of the plaintiffs are being referred to as a group, they will be called the plaintiffs or the appellants.

The plaintiffs are owners of tracts of land located in the vicinity of 55th Street and State Avenue in Wyandotte County. State Avenue runs generally in an east-west direction while 55th Street runs generally in a north-south direction. Plaintiffs separate properties lie to the north and east of the 55th Street and State Avenue intersection and front upon 55th Street. To the rear of the properties is located a natural watercourse or drainage ditch, which runs in a southwesterly direction toward 55th Street where it passes through a box culvert under a bridge and then makes its way to State Avenue where the water passes through a culvert constructed by the State of Kansas in 1934. Thus plaintiffs' properties lie in a triangular area formed by 55th Street in front and the drainage ditch at the rear. During times of heavy rains, silt and debris, which have accumulated at the culverts and in the ditch bed, block the flow of water under both 55th Street and State Avenue causing the water to back up and flood the properties of the plaintiffs. Plaintiffs also allege the 55th Street culvert is further obstructed by sewer and other pipes installed by the City. The City is responsible for the maintenance of 55th Street and the Secretary of Transportation, State of Kansas, for the maintenance of State Avenue. Poole and Brunker own two duplexes located on 55th Street north of State Avenue. McGowen owns rental property north of Poole and Brunker and the Bowens own and reside in property just north of the McGowen property.

These actions are based upon flooding of the properties of all of

the plaintiffs on August 25, 1975, September 10 and 11, 1975, and June 28, 1976. The McGowen petition was originally filed February 18, 1976; the Bowen petition on August 20, 1976, and the Poole and Brunker petition on January 13, 1977. Various supplemental and amended petitions were filed thereafter.

The various plaintiffs allege that the City has created and maintains a nuisance which obstructs the flow of water under 55th Street; that the State of Kansas has created and maintains a nuisance which obstructs the flow of water under State Avenue and, as an alternative, allege a cause of action for inverse condemnation, asserting that the impounding of water on their premises creates a taking of their property for which they have not been paid just compensation; and finally, that L. Frank Wilcox, a dirt contractor, moved a quantity of rock and dirt in the area between the 55th Street and State Avenue culverts in such a manner that it obstructs the natural flow of water and therefore constitutes a nuisance.

Defendants filed appropriate pleadings asserting various defenses and after some discovery, defendant Wilcox filed a motion for summary judgment on February 15, 1979; the Secretary of Transportation filed a motion for summary judgment on February 16, 1979, and on June 5, 1981, the City filed its motion for summary judgment. No formal response controverting the allegations of Wilcox and the Secretary of Transportation, or request for oral argument was ever filed by the plaintiffs, although the record reflects several letters from various counsel advising the court that the case was ripe for a pretrial conference and reminding the court that there were several motions for summary judgment that should be heard. On June 5, 1981, the same date the City filed its motion for summary judgment, the trial court ruled on all three motions and granted summary judgment in favor of all defendants on various grounds.

It appears that defendant Wilcox, under contract with the then owners of the property west of 55th Street and north of State Avenue, had done some dirt work along the west bank of the watercourse at times between 1962 and 1969. Wilcox owned no part of the property and had no control over it after completing his duties in moving the dirt and rock for the owners. Poole and Brunker, along with the predecessor in title to McGowen, previously sued Wilcox and the City for flooding which occurred in

1969. The Honorable Joe Haley Swinehart, now judge of the Court of Appeals, directed a verdict in both cases for Wilcox and entered judgment on a jury verdict that the City was maintaining a nuisance and enjoined the City from the further maintenance of the nuisance.

With the foregoing facts before us we now turn to a consideration of the points on appeal and whether the trial court committed error in granting summary judgment in favor of the various defendants.

At the outset we pause to note that this case is one that could be aptly described as falling in the category denominated by one of our colleagues as a "litigant's nightmare." The plaintiffs in these various actions filed their cases in 1976 and 1977, and now over five years later the issues have not been finally resolved.

The first point raised by appellants on appeal is that the trial court committed error in making its rulings on the various motions for summary judgment without hearing oral argument. Insofar as the motions of the defendants Wilcox and the Secretary of Transportation are concerned, plaintiffs' arguments lack merit. Their motions were filed in February, 1979. Between April of 1979 and June, 1981, very little was done by counsel to get these cases determined. On June 5, 1981, the trial court sustained the motions for summary judgment. Plaintiffs argue that under the local rules and customs of the court, they were entitled to oral argument and that the trial court erred in ruling on the motions without first hearing oral argument. Without going into a detailed recitation of the procedural facts over the years these cases have been pending, suffice it to say we have examined the record and conclude the court did not commit error in ruling on the motions for summary judgment of Wilcox and the Secretary of Transportation without first hearing oral argument. See Supreme Court Rules 133 and 141.

The motion of the City for summary judgment raises additional questions. The City filed its motion on June 5, 1981, and merely stated it was adopting the statement of facts and principles of law in the motion and brief filed two years earlier by the Secretary of Transportation. The appearance docket of the trial court reflects that the summary judgment motions of all defendants were ruled on June 5, 1981, and the court's letter decision was dated and filed June 8, 1981. Obviously the plaintiffs were given no oppor-

tunity to respond to or request argument on the motion of the City. Despite the unreasonable delays that occurred in this case, once the City filed its motion for summary judgment, the plaintiffs had the right to respond. The trial court's ruling on the City's motion for summary judgment was premature and the judgment of the trial court as to the City must be reversed.

We now move to the merits of the rulings of the trial court in sustaining the summary judgment motions of Wilcox and the Secretary of Transportation. The action against Wilcox was for a nuisance allegedly created by Wilcox sometime prior to 1969. Plaintiffs allege that each time a flooding of their properties occurs, a new cause of action arises as a result of the nuisance created in part by Wilcox. Plaintiffs rely upon our decisions which state that where there is a nuisance which is a temporary condition that is abatable, a new cause of action arises each time damage occurs. This is undoubtedly the law insofar as a person who *maintains* an abatable nuisance is concerned. This court has considered numerous cases where periodic flooding resulted from the acts of another and we have held that the statute of limitations begins to run at the time each loss resulting from the maintenance of the nuisance occurs and not from the time the nuisance was first created. *Gowing v. McCandless,* 219 Kan. 140, 547 P.2d 338 (1976), and cases cited therein. However, the rule of *Gowing* and its predecessors is predicated upon the defendant's ability and duty to abate the existing conditions which constitute the nuisance. *Gowing* was a case in which periodic flooding of plaintiff's property occurred due to an alleged diversion or damming of waters by the defendant. This court stated:

"It has frequently been said the principle upon which one is charged as a continuing wrongdoer is that he has a legal right, and is under a legal duty, to terminate the cause of the injury." p. 145.

Wilcox was merely a dirt contractor who moved dirt and rock sometime prior to 1969 for the owners of the land lying downstream from the plaintiffs' property. Assuming Wilcox was a party to creating a nuisance, any cause of action against him would accrue at the first loss following his work on the property. He had no right to reenter upon those properties and abate any nuisance which he might have created and he is not a continuing wrongdoer. When he completed his contract with the landowner, his right to control or alter the alleged nuisance ceased. All agree that

the appropriate statute of limitations is two years under K.S.A. 60-513(*a*)(4) and as there was no continuing obligation on the part of Wilcox, the summary judgment in his favor was correct. For an early discussion of the rule set forth above, see *K.P. Rly. Co. v. Mihlman*, 17 Kan. 224 (1876).

Summary judgment for the Secretary of Transportation on the nuisance claim was properly granted on several grounds including the theory of governmental immunity. See K.S.A. 46-901 (Weeks, now repealed), and *Woods v. Kansas Turnpike Authority*, 205 Kan. 770, 472 P.2d 219 (1970).

Plaintiffs' additional cause of action against the Secretary of Transportation is based upon the theory of inverse condemnation and seeks recovery based upon a taking of plaintiffs' property and permanent diminution of the value of the property. In the instant case, the floodings of plaintiffs' lands did not result in a permanent taking but were intermittent or periodic in nature. The periodic floodings were temporary, transient, recurring and subject to abatement and would only support temporary damages for each occurrence based upon an abatable nuisance. Summary judgment on Count II was proper. *Gowing v. McCandless*, 219 Kan. 140; 26 Am. Jur. 2d, Eminent Domain § 165. For a recent discussion of what constitutes a taking that will support an inverse condemnation action, see *Ventures in Property I v. City of Wichita*, 225 Kan. 698, 594 P.2d 671 (1979). Other grounds supporting summary judgment for Wilcox and the Secretary of Transportation, although meritorious, need not be considered further.

The judgment of the trial court granting summary judgment in favor of the defendants Wilcox and the Secretary of Transportation is affirmed and the judgment granting summary judgment in favor of the City of Kansas City is reversed and the cases are remanded for further proceedings as to the City.