(730 P.2d 360)
No. 59,040

JOHN J. MUNKERS, *Appellant,* v. PETER C. POMERENKE and FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, INC., *Appellees.*

—

Opinion filed December 24, 1986.

*John H. Fields,* of Carson & Fields, of Kansas City, for appellant.

*Martin M. Meyers* and *Brian D. Gray,* of Campbell & Meyers, of Kansas City, Missouri, and *Mark A. Corder,* of Hackler, Londerholm, Corder, Martin & Hackler, of Olathe, for appellee Peter C. Pomerenke.

*Jeffrey L. Lauersdorf* and *Barry E. Warren,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellee Farmers Alliance Mutual Insurance Company, Inc.

Before MEYER, P.J., REES and DAVIS, JJ.

MEYER, J.: This is an appeal from an order sustaining defendants' motions for summary judgment in an action brought to recover collision benefits from an automobile insurer and its agent.

Plaintiff brought suit against the defendants alleging that the defendants had ineffectively cancelled plaintiff's automobile policy in August 1984, and that he, therefore, had insurance coverage in an automobile accident in December 1984. The defendant company filed a motion for summary judgment on November 1, 1985, and the defendant agent (Pomerenke) filed a motion for summary judgment on November 13, 1985, having mailed copies to plaintiff's counsel on November 11, 1985.

On November 25, 1985, the trial court heard both defendants' motions for summary judgment. Plaintiff did not file a response to either defendant's motion nor did plaintiff or counsel appear at the hearing. The trial court sustained both defendants' motions for summary judgment.

The plaintiff contends the trial court violated the provisions of

Supreme Court Rule 141 (235 Kan. cx) in granting defendants' motions for summary judgment. In particular, plaintiff asserts that the court erred in granting the motions before the mandatory twenty-one days plaintiff had to respond to the motions had passed.

Supreme Court Rule 141 provides:

"SUMMARY JUDGMENTS

*"No motion for summary judgment shall be heard or deemed finally submitted for decision until:*

"(a) The moving party has filed with the court and served on opposing counsel a memorandum or brief setting forth concisely in separately numbered paragraphs the uncontroverted contentions of fact relied upon by said movant (with precise references to pages, lines and/or paragraphs of transcripts, depositions, interrogatories, admissions, affidavits, exhibits, or other supporting documents contained in the court file and otherwise included in the record); and

"(b) Any party opposing said motion has filed and served on the moving party *within twenty-one (21) days thereafter,* unless the time is extended by court order, a memorandum or brief setting forth in separately numbered paragraphs (corresponding to the numbered paragraphs of movant's memorandum or brief) a statement whether each factual contention of movant is controverted, and if controverted, a concise summary of conflicting testimony or evidence, and any additional genuine issues of material fact which preclude summary judgment (with precise references as required in paragraph [a], *supra*).

"The motion may be deemed submitted by order of the court *upon expiration of twenty-one (21) days,* or *expiration of the court ordered extended period, after filing and service on opposing counsel of the brief or memorandum of moving party notwithstanding the failure of the opposing party to comply with paragraph (b), supra.* In such cases the opposing party shall be deemed to have admitted the uncontroverted contentions of fact set forth in the memorandum or brief of moving party. In determining a motion for summary judgment the judge shall state the controlling facts and the legal principles controlling the decision in accordance with Rule No. 165." (Emphasis added.)

According to the express provisions of Rule 141, a trial court may not hear a motion for summary judgment until twenty-one days have expired after the movant has filed his motion with the court and served it on opposing counsel.

Defendant Pomerenke filed his motion for summary judgment on November 13, 1985, having mailed notice of it to plaintiff's counsel on November 11, 1985. The motion was heard on November 25, 1985, less than twenty-one days after movant's motion had been filed and served. In *Bowen v. City of Kansas City,* 231 Kan. 450, 646 P.2d 484 (1982), the supreme court held that the trial court erred in prematurely granting a motion for summary judgment that was filed and heard the same day. *Bowen,*

231 Kan. at 453-54. While it is true that in *Bowen* the trial court granted summary judgment the same day the motion for it was filed, the Bowen parties had been in court for some two years prior thereto. In any event *Bowen*, at least, stands for the proposition that the opposing party must have an opportunity to respond, and, absent some agreement of the parties, or absent actual response, we conclude the express provisions of Rule 141 must apply and that the trial court erred in granting defendant Pomerenke's motion for summary judgment before the twenty-one days had passed.

The defendant company filed its motion for summary judgment on November 1, 1985, and mailed notice thereof to plaintiff. The court heard the company's motion on November 25, 1985. Although twenty-four days passed from the date of service and filing until the date of the hearing, we conclude the trial court also prematurely granted the defendant company's motion.

Supreme Court Rule 141 provides that "[n]o motion for summary judgment shall be heard . . . until . . . [t]he moving party has filed . . . a memorandum or brief" and "[a]ny party opposing said motion has filed and served on the moving party within twenty-one (21) days thereafter . . . a memorandum or brief." We have been unable to find any case directly stating that the twenty-one-day period mentioned in Rule 141 denotes the time a party opposing the motion has to respond. However, we believe that such a conclusion is warranted by the literal language of the rule. Clearly, a party is entitled to a period of time to respond to a motion for summary judgment. See *Bowen*, 231 Kan. at 453-54. The applicable statute, K.S.A. 60-256, does not specify the length of time an opposing party has to respond to the motion. The only guidance as to this period is found in Rule 141. While we recognize that the twenty-one-day period refers to the time a court must wait to hear the motion, we conclude that the twenty-one-day period also denotes the time an opposing party has to respond to the motion.

Because a party has twenty-one days to respond to a motion for summary judgment, the provisions of K.S.A. 60-206(e) are relevant. That statute provides:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him or her and the notice or paper is served upon him or her by mail, three (3) days shall be added to the prescribed period."

The provisions of K.S.A. 60-206 expressly apply to supreme court rules. *State v. Nelson*, 208 Kan. 404, 405-06, 496 P.2d 498 (1972). Because the motion for summary judgment was served on the plaintiff by mail, and, as concluded above, plaintiff "had the right" to file a response within twenty-one days thereafter, the plaintiff had an additional three days to respond to the defendant company's motion for summary judgment. Thus, the plaintiff had a total of twenty-four days to respond to the motion.

In calculating these twenty-four days, K.S.A. 60-206(a) is instructive. That statute provides:

"In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

According to the provisions of K.S.A. 60-206(a), because service occurred on November 1, the twenty-four-day period began to run on November 2, 1985. The last of the twenty-four days fell on November 25, 1985. Because Rule 141 requires the "expiration" of the required number of days before the court may hear the motion, we conclude the trial court prematurely heard the defendant company's motion on November 25, 1985. Therefore, the trial court erred in not allowing plaintiff the full amount of time to respond to either defendant's motion for summary judgment.

Defendants contend that, notwithstanding the trial court's failure to comply with the provisions of Rule 141, they were entitled to summary judgment as a matter of law. We disagree, and hold that a trial court's compliance with the provisions of Supreme Court Rule 141 is mandatory, and the court's failure to comply with the rule precludes summary judgment.

Again, Rule 141 expressly provides that "[n]o motion for summary judgment *shall* be heard or deemed finally submitted for decision until" the twenty-one-day period in which the party opposing the motion has to file a response has passed. The rule's unambiguous language requires the twenty-one-day period to pass before the trial court can hear the motion and render judgment. In this regard, we rely on the following statement from *Bowen v. City of Kansas City*, 231 Kan. at 453-54:

"The City filed its motion [for summary judgment] on June 5, 1981 . . . . The appearance docket of the trial court reflects that the summary judgment motions of all defendants were ruled on June 5, 1981, and the court's letter decision was

dated and filed June 8, 1981. Obviously the plaintiffs were given no opportunity to respond to or request argument on the motion of the City. Despite the unreasonable delays that óccurred in this case, once the City filed its motion for summary judgment, the plaintiffs had the right to respond. The trial court's ruling on the City's motion for summary judgment was premature and the judgment of the trial court as to the City must be reversed."

While the plaintiff in the present case had some time to prepare a response to the defendants' motions for summary judgment, he was not allowed the full time allotted by Rule 141. We therefore hold that the court committed reversible error in granting defendants' summary judgment motions.

In *McCullough v. Bethany Med. Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984), the court stated:

"Rule 141 is not just fluff—it means what it says and serves a necessary purpose. Contrary to the opinion of Stubblefield's counsel, a moving party's compliance with Rule 141(a) is even more crucial in complex cases than in simple ones. *In accordance with the express language of the rule, the district court could not even hear the motion until the moving party was in compliance with the requirements of the rule.* On this basis alone, the summary judgment for Stubblefield must be reversed." (Emphasis added.)

We hold that a district court does not have the power to hear a motion for summary judgment until the full twenty-one-day period found in Supreme Court Rule 141 has passed, and a court's premature ruling on the motion must be reversed, without requiring a showing of prejudice. However, the district court does have the power to rule on the motion provided the party opposing it has responded or has agreed to a disposition before the expiration of the twenty-one-day period. We realize that our holding may, in certain cases, sacrifice the policy of judicial economy. However, we consider a trial court's compliance with the rules of our supreme court, which assure to each party the opportunity to express its views, to be more important.

Reversed and remanded.