IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 46,636

STATE OF KANSAS, *Appellant,* v. VICTOR NELSON, HELEN HUTTON and JOSEPH CULVER, *Appellees.*

ORDER REINSTATING APPEAL

*Per Curiam:* This is an application to reinstate an appeal which was declared abandoned by the district court of Allen County pursuant to Rule No. 6 (*p*). The determination of abandonment was made unanimously by the judges of the Fourth Judicial District, sitting *en banc.* Because of this, and because our ruling on this application will affect all proceedings in this court, we deem it proper that we should briefly set forth the reasons for our order.

The issue presented is whether, when delivery of a necessary transcript is made by mail, such mode of delivery gives the appellant three additional days under K. S. A. 60-206 (*e*) in which to serve and file his designation of the contents of the record.

The procedural facts are undisputed. The State filed a timely notice of appeal from an order discharging the defendants in a criminal prosecution at the conclusion of the State's case, and ordered a transcript within the time allowed by rule. On September 7, 1971, the reporter placed the completed transcript in the mail in Iola to the attorney general in Topeka, and filed his certificate to that effect.

On September 29, 1971, twenty-two days later, the state served and filed its designation of the contents of the proposed record.

The rule, No. 6 (*a*), requires:

". . . Within twenty (20) days after completion and delivery of the transcript to appellant, which shall be shown by the reporter's certificate of delivery filed with the Court, the appellant shall then serve and file his designation of the contents of the record."

The statute, K. S. A. 60-206 (*e*), provides:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period."

The court below approached the threshold question of the statute's applicability by noting that our rules are intended to be complete in themselves, and that Rule No. 2 specifically refers to and

incorporates those parts of the code of civil procedure found in K. S. A. 60-205, 60-210 and 60-211. Applying the doctrine of *expressio unius est exclusio alterius*, the court found all other portions of the code inapplicable, concluding:

"We think the three day extension of time by reason of mailing, as provided in K. S. A. 60-206, may not be engrafted upon the Supreme Court rules *except by that Court;* that the purpose of the Reporter's certificate of delivery is not only to establish his compliance with statute but also fix the commencement of the 20 day limitation period within which the appellant must next act; and that the 20 day period in this case commenced on September 7, 1971, and ended on September 27." (Emphasis ours.)

The court went on to find that the neglect on the part of appellant's counsel to make a timely request for an extension was not excusable—a question we find it unnecessary to consider.

For our part, we note first that under K. S. A. 60-205 (*b*)—which is specifically made applicable by Rule No. 2—"service" may be made in two ways, by "delivering" or by "mailing" the matter to be served. On the other hand, Rule No. 6 (*a*) speaks only of "delivery" of the transcript with no mention of "service."

"Delivery" clearly connotes receipt by the consignee, as witness the statutory definition in 60-205 (*b*). Yet if this test is applied to mailed matter the time of delivery, and therefore the timeliness of the ensuing act, would always be open to debate—a result the legislature and this court have strenuously attempted to avoid. The legislative answer is its declaration in 60-205 (*b*) that service by mail is complete upon mailing, coupled with the allowance of three additional days. Our effort at certainty resulted in the 1967 amendment of the rule to require a reporter's certificate as to the date of delivery.

A complete answer may perhaps be found in K. S. A. 60-206. Subsection (*a*), dealing generally with the computation of time and the effect of Saturdays, Sundays and holidays, provides:

". . . When an act is to be performed within any prescribed time under any law of this state, *or any rule* or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply." (Emphasis supplied.)

From this language alone it may be argued that all the relevant portions of 60-206 are applicable to our practice. Apart from the literal language, however, we think its applicability would have a salutary purpose and effect, for several reasons. First, in dealing with matters of time computation it renders certain what would

otherwise be debatable; second, it makes our practice comport with that in the district court, with which most attorneys are presumably familiar; and third, it allows a modicum of additional and often necessary time to act where the document triggering the action is brought through the mail. While in some cases three days may be more than ample, we can take judicial notice that such period will in many instances be a wholly inadequate allowance for a piece of mail, posted late in the day, to reach its destination. Counsel faced with a deadline should not be unnecessarily penalized by that delay.

It is our conclusion that K. S. A. 60-206 should be and is applicable here, and in other situations where its application would not contravene some express provision of our rules. That such applicability may have heretofore been unclear is regrettable, but the purpose of this order is to remedy that situation.

We do not intend by what we have said here to retreat in any way from the position taken in *Crouch v. Marrs*, 199 Kan. 387, 430 P. 2d 204, or what was there said about the need for orderliness in appellate practice. We do feel that allowing an additional three days where material is delivered by mail will not unduly slow the wheels of justice, and that the application of the other relevant provisions of K. S. A. 60-206 is likewise justifiable.

The result is that appellant's designation was filed in time, and accordingly the appeal should be reinstated.

It is so ordered.