(808 P.2d 434)

No. 65,114

STATE OF KANSAS, *Appellee*, v. MELVIN L. WILSON, *Appellant*.

Opinion filed March 15, 1991.

*Robert A. Levy*, of Garden City, for appellant.

*Mary Ann Shirley*, assistant county attorney, *Ricklin R. Pierce*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., RULON and PIERRON, JJ.

RULON, J.: Melvin L. Wilson, defendant, appeals from a decision of the district court dismissing his appeal from a magistrate judge's ruling finding him guilty on two traffic counts. We affirm.

Wilson contends the district court erred in determining that the magistrate's letter ruling dated August 8, 1989, and filed August 10, 1989, constituted a "verdict or finding of guilty" as those terms are used in either K.S.A. 22-3501 or K.S.A. 22-3609a. He contends the judgment in this case was rendered on the date of sentencing, August 31, 1989; that his motion for new trial filed September 7, 1989, was timely filed within ten days of August 31, 1989, as required by K.S.A. 22-3501(1); and that his notice of appeal from the magistrate's judgment was timely filed within ten days of the denial of his motion for new trial, as required by K.S.A. 22-3609a. We disagree.

Resolution of the issue in this case obviously turns on the proper interpretation of jurisdictional statutes. Statutory interpretation is a question of law, and this court's function is to

interpret a statute to give it the effect intended by the legislature. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984); *White v. VinZant*, 13 Kan. App. 2d 467, 471, 773 P.2d 1169 (1989). This court may construe and determine the legal effect of a statute regardless of the construction adopted by the trial court. *Palmer v. First Nat'l Bank of Kingman*, 10 Kan. App. 2d 84, 86, 692 P.2d 386 (1984).

Appeals from the judgment of a district magistrate judge are governed by K.S.A. 22-3609a, the relevant portion of which provides:

"(1) A defendant shall have the right to appeal from *any judgment* of a district magistrate judge. . . . The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to a district judge shall be taken by filing a notice of appeal with the clerk of the court. *No appeal shall be taken more than 10 days after the date of the judgment appealed from.*" (Emphasis added.)

Also relevant to this case is the statute governing motions for a new trial, K.S.A. 22-3501, which provides:

"(1) The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. *A motion for a new trial based on any other grounds shall be made within 10 days after the verdict or finding of guilty* or within such further time as the court may fix during the 10-day period.

"(2) A motion for a new trial shall be heard and determined by the court within 45 days from the date it is made." (Emphasis added.)

Generally, the filing of a timely notice of appeal is jurisdictional and, if the record discloses a lack of jurisdiction, the appellate court has a duty to dismiss the appeal. *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980). In this case, two questions must be answered in determining whether Wilson's notice of appeal to the district court was timely filed: (1) When was the magistrate's judgment rendered, and (2) did Wilson's September 7, 1989, motion for new trial extend the time in which to file a notice of appeal?

## THE MAGISTRATE'S JUDGMENT

Generally, an order finding a defendant guilty is not an appealable judgment until sentence is imposed or the imposition

of sentence is suspended. *Roberts v. State,* 197 Kan. 687, 689, 421 P.2d 48 (1966); *State v. Woodbury,* 133 Kan. 1, 298 Pac. 794 (1931); *State v. Rucas,* 12 Kan. App. 2d 68, 72, 734 P.2d 673 (1987); *City of Topeka v. Martin,* 3 Kan. App. 2d 105, 590 P.2d 106 (1979). The judgment in a criminal case becomes effective, and the time period for appeal starts running, when the defendant's sentence is pronounced from the bench. *Moses,* 227 Kan. at 402-03.

Wilson principally relies upon two statutes in asserting that August 31, 1989, was the actual date of the judgment in this case. He cites K.S.A. 22-3405(2), which requires the defendant or his counsel to be present at every stage of a traffic infraction and misdemeanor case, and K.S.A. 22-3424(1), which requires a judgment to be rendered and sentence imposed in open court. He argues that Magistrate Blake's August 8, 1989, letter did not constitute "open court" and, because neither he nor his counsel appeared on August 8, 1989, the actual date of the judgment must have been August 31, 1989.

Wilson is correct in his assertion that Magistrate Blake's August 8 letter ruling does not constitute a judgment. Although the letter ostensibly was a "finding of guilty" within the meaning of K.S.A. 22-3501 which governs motions for a new trial, Magistrate Blake's finding of guilty was not announced in open court, nor was Wilson or his counsel present when the finding was announced. The judgment of the magistrate must be announced in open court, and either the defendant or the defendant's counsel must be present. K.S.A. 22-3424(1); K.S.A. 22-3405(2). Thus, the August 8, 1989, letter cannot be considered the judgment of the magistrate within the meaning of K.S.A. 22-3609a.

In this case, the district court did not specify whether the time for filing a timely notice of appeal began to run on August 8, 1989, or August 31, 1989. However, because the notice of appeal had to have been filed within ten days of the judgment and it was not filed until February 26, 1990, no such determination was needed as the notice was clearly untimely. While judgment in this case was not rendered until August 31, 1989, the later judgment date is of no avail to Wilson in this appeal. Judgment in this case was rendered on the date of Wilson's sentencing, August 31, 1989, and the notice of appeal must have been filed by

September 14, 1989, to be considered timely. See K.S.A. 1990 Supp. 60-206(a). His notice of appeal to the district court, filed February 26, 1990, was untimely unless some exception to the ten-day time limit applies.

The appellate courts have generally recognized two exceptions to the time limits in criminal cases. In *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982), the Kansas Supreme Court recognized an exception when an indigent defendant (1) is not informed of his or her rights to appeal, (2) is not furnished an attorney to exercise those rights, or (3) was furnished an attorney who failed to perfect and complete the appeal. 230 Kan. at 736. Nothing in the record supports application of the *Ortiz* exception in this case.

The second exception is illustrated by *State v. Myers,* 10 Kan. App. 2d 266, 697 P.2d 879 (1985). The *Myers* exception applies when the defendant has filed a timely motion to modify the sentence imposed, but the district court does not rule on the motion within the 120-day period provided in K.S.A. 1990 Supp. 21-4603(4). In such a case, the defendant must file a notice of appeal within ten days of the filing of the journal entry deciding the motion to modify sentence. 10 Kan. App. 2d at 270-71. Wilson's argument that his notice of appeal was timely filed because he filed it within ten days of Magistrate Goering's decision denying his motion for new trial appears to be based on an analogy to this court's holding in *Myers,* although the case is not cited in his brief.

## THE MOTION FOR A NEW TRIAL

The *Myers* exception does not apply in this case because K.S.A. 22-3609a, rather than K.S.A. 22-3608(1), governs the time in which to file a notice of appeal. The former statute requires a notice of appeal to be filed within 10 days of the judgment appealed from, while the latter requires a notice of appeal to be filed "not later than 10 days after the expiration of the district court's power to modify the sentence." The *Myers* exception is based on the unique language of K.S.A. 22-3608(1) and the Kansas Supreme Court's holding in *State ex rel. Owens v. Hodge,* 230 Kan. 804, 641 P.2d 399 (1982), which determined that a district court retains jurisdiction to modify a sentence beyond the 120-

day period, provided the defendant has filed a timely motion to modify sentence. *Hodge*, 230 Kan. at 814; *Myers*, 10 Kan. App. 2d at 269-70. In this case, the district court never acquired the power to modify Wilson's sentence, and the *Myers* exception cannot be applied by analogy to Wilson's motion for new trial filed in magistrate court.

Under K.S.A. 1990 Supp. 20-302b, a district magistrate judge has jurisdiction to conduct trials in misdemeanor and traffic infraction cases. In such cases, the nature of the district court's jurisdiction is appellate rather than original. K.S.A. 22-3609a(1). While the district court's appellate review is de novo under K.S.A. 22-3610(a), the filing of a timely notice of appeal is necessary to invoke the district court's jurisdiction. Wilson's untimely notice of appeal did not confer jurisdiction on the district court.

Neither K.S.A. 22-3609a nor the statute governing a motion for new trial in a criminal case, K.S.A. 22-3501, extend the time in which to file a notice of appeal where the defendant elects to file such a motion after judgment is entered. These statutes are unlike the statute governing post-trial motions in a civil case, K.S.A. 1990 Supp. 60-2103(a), which specifically provides that the time for filing a notice of appeal is suspended while a party seeks relief from a judgment by filing timely post-trial motions.

If we are to reverse the district court, we must decide to engage in judicial blacksmithing. We must expand the provisions of K.S.A. 22-3501 and K.S.A. 22-3609a to provide that the time for filing a notice of appeal is stayed while a defendant seeks relief from a judgment by filing a timely motion for a new trial. A strong argument can be made that the orderly administration of criminal justice requires that, until the trial court has had a full opportunity to correct trial errors by ruling on a pending motion for a new trial, the jurisdiction of the appellate courts of this State should not be invoked. However, we decline the invitation to so hold. The legislative intent of K.S.A. 22-3609a seemingly is that the remedy for a criminal defendant aggrieved by a judgment of a district magistrate judge is to appeal to the district judge and not to seek a new trial. The statutory provisions governing the filing of a notice of appeal are determined by the legislature, not the judiciary. If the legislature intended that a motion for a new trial filed after the judgment is entered suspends

the time for filing a notice of appeal pursuant to K.S.A. 22-3609a, then the legislature must speak through appropriate legislation.

In order to perfect his appeal, Wilson was required by statute to file a notice of appeal to the district court within ten days of the magistrate's judgment. He did not do so. There is no statutory or case law authority for his argument that his motion for new trial extended the time in which he was allowed to file a notice of appeal from the magistrate's judgment. Wilson's failure to take his appeal within the time prescribed by statute deprived the district court of jurisdiction to entertain his appeal. *State v. Smith*, 223 Kan. 47, 48, 574 P.2d 161 (1977). Therefore, the district court properly dismissed Wilson's appeal.

Affirmed.