No. 75,082

**In the Matter of J.D.B., A Juvenile Under the Age of Eighteen.**
(915 P.2d 69)

Opinion filed April 19, 1996.

*Ronald L. Hodgson*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

*Troy V. Huser*, of Manhattan, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals from the dismissal of a juvenile complaint charging J.D.B. with contributing to a child's misconduct, K.S.A. 21-3612(a)(5). The State alleged that the district judge erred in conducting a preliminary examination and dismissing the complaint for lack of probable cause. During oral argument we asked the State if its notice of appeal was timely filed, and we requested the State to file a response as to our jurisdiction over the appeal.

J.D.B. (age 15), G.A. (age 16), and other juveniles planned to go to the movies but instead went driving around and eventually parked in a field. After kissing and hugging, J.D.B. and G.A. engaged in "consensual" sexual intercourse. However, because J.D.B. was under the age of 16 she could not lawfully consent to sexual intercourse. Consent of the victim is not a defense to K.S.A. 21-3504(a)(1). G.A., by having sexual intercourse with J.D.B., violated K.S.A. 21-3504(a)(1) (aggravated indecent liberties with a child).

The State filed a complaint under the Kansas Juvenile Offenders Code (Code), K.S.A. 38-1601 *et seq.*, alleging the 15-year-old, J.D.B., to be a juvenile offender who violated K.S.A. 21-3612(a)(5) (contributing to a child's misconduct) for having caused or encouraged G.A., a child under the age of 18, to have sexual intercourse with her and commit the aggravated indecent liberties offense.

J.D.B. filed a motion to dismiss the complaint. J.D.B. asserted that because she was under 16 years of age and could not lawfully consent, she was legally incapable of causing or encouraging sexual intercourse. A district magistrate judge heard the motion to dismiss the complaint. The State presented the testimony of G.A., who stated that J.D.B. did not "encourage" him to have sex. The district magistrate ruled that it was neither reasonable nor logical to assume that J.D.B. could cause or encourage a sexual act if she could not consent to the act. The district magistrate dismissed the complaint. The State timely appealed the dismissal to the district court.

In considering the State's appeal, the district judge heard additional arguments of counsel and reviewed the transcript of evidence presented to the district magistrate. The district judge found that the charge of aggravated indecent liberties with a child was proper because even though J.D.B. could not legally consent to sexual intercourse, she did in fact consent to sexual intercourse. However, the district judge dismissed the complaint, stating: "If the evidentiary hearing is taken by the court as a preliminary hearing on this felony level charge, the transcript of those proceedings show that there is not probable cause to believe the crime occurred. The alleged victim clearly testified that the juvenile [J.D.B.] did not encourage him [G.A.] to have sex with her. She may have consented, but consent and encouragement are not the same."

The district judge's journal entry dismissing the complaint was filed with the clerk of the district court on August 10, 1995. On August 30, 1995, the State filed a notice of appeal of the district court's dismissal in the Court of Appeals. The appeal was transferred to this court.

## JURISDICTION

The right to appeal is statutory. It is well established that this court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to Article 3, § 3 of the Kansas Constitution, and it is the duty of this court to dismiss an appeal when the record discloses a lack of jurisdiction. *State v. Ortiz*, 230 Kan. 733, 735, 640 P.2d 1255 (1982); see *State v. Medina*, 256 Kan. 695, 700, 887 P.2d 105 (1994); *State v. Redmon*, 255 Kan. 220, Syl. ¶ 1, 873 P.2d 1350 (1994); *State v. Ji*, 255 Kan. 101, Syl. ¶ 1, 872 P.2d 748 (1994). Appellate courts lack jurisdiction to entertain an appeal unless the appeal is taken within time limitations and in the manner prescribed by the applicable statutes. See *State v. Kleen*, 257 Kan. 911, Syl. ¶ 1, 896 P.2d 911 (1995).

K.S.A. 38-1682 governs appeals by the prosecution in cases under the Juvenile Offenders Code and states:

"An appeal may be taken by the prosecution from an order dismissing proceedings when jeopardy has not attached, from an order denying authorization to

prosecute a respondent as an adult or upon a question reserved by the prosecution. An appeal upon a question reserved by the prosecution shall be taken within 10 days after adjudication. Other appeals by the prosecution shall be taken within 10 days after the entry of the order appealed from."

In its response to our directive to address the jurisdiction question, the State recognized that K.S.A. 38-1682 requires appeals to be taken within 10 days after the entry of the order appealed from. The State admitted, *"In reviewing the timing in this case, it would appear that the prosecution filed this appeal on the eleventh day, as opposed to the tenth day."* (Emphasis added.)

The State presented this argument to construe its notice of appeal as timely:

"In this case, the judge took under advisement his decision. The decision was rendered not in an open court, but by written order. Therefore, K.S.A. 60-258, Entry of a Judgment, should be considered in this matter. K.S.A. 60-258 in part states, 'When judgment is entered by judgment form, the Clerk shall serve a copy of the judgment form on all attorneys of record within three days. Service may be made personally or by mail. Failure to serve a copy of the judgment form shall not affect the validity of the judgment.' A review of the record shows that, in fact, this court order was filed on August 10, 1995, however, there is no documentation prepared by the Clerk of the Court as to how and when the order was served on the attorneys of record. Therefore, presuming that the Clerk performed their function within the time allotted to do their duties, copies of the orders would have been sent to the attorneys of record no later than August 15, 1995. Once again, with there being no indication as to whether or not this was done by mail or by personal service, the Court should consider and presume that it was done by mail, which would allow then the appellant ten days plus the three days for mailing, which would put the cut-off date for filing the appeal on September 1, 1995, in which case this appeal was filed within the time allowed by statute."

In the absence of proof by the State as to what day the clerk served notice we assume notice was served on the day the order was file stamped, August 10, 1995.

This is an appeal by the prosecution from an order dismissing juvenile proceedings when jeopardy has not attached, and the appeal time is 10 days. K.S.A. 38-1682. Because the appeal time is 10 days, Saturdays, Sundays, and legal holidays are not included in the computation. K.S.A. 60-206(a). Further, 3 days are added to the computation period if the order was mailed. K.S.A. 60-206(e). In making the computation, a court first counts the 10 days, ex-

cluding weekends and legal holidays, and then the 3 days for mail service is added with no exclusion for weekends or holidays. See *Hundley v. Pfeutze*, 18 Kan. App. 2d 755, 758, 858 P.2d 1244, *rev. denied* 253 Kan. 858 (1993).

The district judge's journal entry dismissing the proceedings was filed on August 10, 1995. Counting 10 days, starting with the first day following the start date and excluding weekends and holidays, the 10-day period ends on August 24. Adding the 3 mail days, the notice of appeal was required to be filed on or before August 27. Because August 27 was a Sunday, the notice of appeal had to be filed no later than August 28, the next business day. The State's notice of appeal was not filed until August 30, 1995, and was therefore untimely.

Appeal dismissed.