(929 P.2d 1386)
No. 74,342

MICHAEL K. MCINTYRE, *Claimant/Appellant*, v. A.L. ABERCROMBIE, INC., *Respondent/Appellee*, and FIREMAN'S FUND INSURANCE COMPANY, *Insurance Carrier/Appellee*.

Opinion filed December 20, 1996.

*John L. Carmichael*, of Wilson, Lee & Gurney, of Wichita, and *James T. McIntyre*, of McMaster & McMaster, of Wichita, for appellant.

*Richard A. Boeckman* and *Martin J. Keenan*, of Keenan and Boeckman, P.A., of Great Bend, for appellees.

Before ROYSE, P.J., ROGG, S.J., and EDWARD BOUKER, District Judge, assigned.

ROYSE, J.: This is a workers compensation case. Michael K. McIntyre appeals from the decision of the Workers Compensation Board (Board) which dismissed his application for review as untimely.

Michael K. McIntyre worked for A.L. Abercrombie, Inc., as a truck driver and swamper. His primary activity was moving oil rigs. The parties stipulated that on June 30, 1991, McIntyre sustained a compensable injury. His left calf was crushed by a 5,000-pound swivel, which was being loaded on a hoist. The injury required McIntyre to undergo several surgeries.

McIntyre claimed that, as a consequence of the injury to his left leg, he began experiencing pain in his low back. He sought an award based on a general body disability. The administrative law judge (ALJ) determined McIntyre had failed to prove anything more than a scheduled injury to his left leg. The ALJ entered an award dated April 28, 1995, for a scheduled injury based on 35% permanent partial loss of the use of the left leg.

McIntyre filed an application for review by the Board. The Board dismissed the application as not timely filed.

The sole issue in this case is whether the Board correctly determined that McIntyre's application for review was untimely filed. Resolution of this issue requires interpretation of statutes involving review of compensation awards and computation of time periods. Interpretation of a statute is a question of law subject to unlimited review by an appellate court. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The parties' positions may be summarized as follows: The Board says K.S.A. 44-551 and K.A.R. 51-18-2 provide a 10-day period for filing an application for review of a workers compensation award. The Board says the time period began running on April 29, 1995, and ended on May 9, 1995. Thus, the Board concludes an application for review filed on May 10, 1995, is untimely.

McIntyre says the 10 days allowed under 44-551 must be counted according to the method set forth in K.S.A. 60-205(a). McIntyre says the time period began running on April 29, 1995, and ended on May 12, 1995. Thus, McIntyre concludes an application filed on May 10, 1995, was timely.

K.S.A. 44-551(b)(1) provides for Board review of ALJ decisions as follows:

"All acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days and if no such request is made, then the board shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the administrative law judge."

K.A.R. 51-18-2 reiterates the effective date for ALJ awards set forth in K.S.A. 44-525(a) and the 10-day period for requesting review contained in 44-551:

"The effective date of the administrative law judges' acts, findings, awards, decisions, rulings, or modifications, for review purposes, shall be the day following the date noted thereon by the administrative law judge.

"Application for review shall only be considered as timely filed if received in the central office or one of the district offices of the Director on or before the tenth day after the effective date of the act of an administrative law judge."

K.S.A. 60-206(a) provides:

"In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday. 'Legal holiday' includes any day designated as a holiday by the congress of the United States, or by the legislature of this state. When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply."

"It is the function of a court to interpret a statute to give it the effect intended by the legislature." *In re Tax Exemption Application of City of Wichita*, 255 Kan. 838, Syl. ¶ 6, 877 P.2d 437 (1994). "When a statute is clear and unambiguous, the court must give effect to the statute as written, and there is no need to resort to statutory construction." *State v. Sodders*, 255 Kan. 79, Syl. ¶ 4, 872 P.2d 736 (1994).

By its plain terms, the method for computing time established in 60-206(a) applies to acts which must be performed within a statutorily prescribed time limit. K.S.A. 44-551 contains such a prescribed time limit: requests for review must be filed within 10 days of the award. Therefore, under the plain language of the statute, the computation method set forth in 60-206(a) applies in calculating the 44-551 10-day limit for filing a request for review.

The Supreme Court recently applied the method of computing time set forth in 60-206(a) to the time limit established in K.S.A. 38-1682 for the prosecution to file an appeal in a juvenile pro-

ceeding. *In re J.D.B.*, 259 Kan. 872, 875-76, 915 P.2d 69 (1996). The court reasoned:

> "K.S.A. 60-206(a) provides that in the computation of *any time prescribed by statute,* the day from which the time begins to run shall not be included. The last day of the prescribed period shall be included, unless it is a Saturday, Sunday or legal holiday, in which case the time runs to the next business day. In addition, where the time prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation." (Emphasis added.) 259 Kan. 872, Syl. ¶ 3.

The Board argues that 60-206(a) is a part of the Code of Civil Procedure and has been applied primarily in chapter 60 actions. There is no question that 60-206(a) applies in civil actions. See *State v. Johnson,* 19 Kan. App. 2d 315, 868 P.2d 555 (1994) (applied to compute statute of limitations); *Marinhagen v. Boster, Inc.,* 17 Kan. App. 2d 532, 840 P.2d 534 (1992), *rev. denied* 252 Kan. 1092 (1993) (applied to compute time for filing motion to alter or amend); *Cook v. Freeman,* 16 Kan. App. 2d 555, 825 P.2d 1185, *rev. denied* 250 Kan. 804 (1992) (applied to motion to obtain extension of time for service); *Munkers v. Pomerenke,* 11 Kan. App. 2d 569, 730 P.2d 360 (1986) (applied in calculating time to respond to motion for summary judgment).

But the application of 60-206(a) is not limited to civil actions. The computation method set forth in 60-206(a) has been held applicable to a prosecutor's appeal in a juvenile proceeding, *In re J.D.B.*, 259 Kan. 872; to an appeal from the district court's refusal to modify sentence in a criminal case, *State v. Ji,* 255 Kan. 101, 112, 872 P.2d 748 (1994); to the speedy trial provision contained in the agreement on detainers, *State v. White,* 234 Kan. 340, 345, 673 P.2d 1106 (1983); to administrative appeals from orders of the Board of Tax Appeals, *Quivira Falls Community Ass'n v. Johnson County,* 230 Kan. 350, 353, 634 P.2d 1115 (1981), and *In re Tax Appeal of Newton Country Club Co.,* 12 Kan. App. 2d 638, 640, 753 P.2d 304, *rev. denied* 243 Kan. 779 (1988); to the time for designating a record on appeal, *State v. Nelson,* 208 Kan. 404, 406, 496 P.2d 498 (1972); and to the time for appealing a decision of a magistrate to the district court in a criminal case, *State v. Wilson,* 15 Kan. App. 2d 308, 311, 808 P.2d 434 (1991).

By its terms, 60-206(a) applies not only to chapter 60, but to time limitations imposed by local rules, by court order, and by "any applicable statute." This language does not restrict application of the statute to civil actions in district courts, but broadens application to any actions that involve statutorily prescribed periods of time where the "method for computing such time is not otherwise specifically provided." K.S.A. 60-206(a). See 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-206, Comments (1979) (statute retains a provision, adopted in 1943, "designed to apply the time computation rule to all situations, not just chapter 60"); 1 Vernon's Kansas C. Civ. Proc. § 60-206 (1963) ( according to last sentence of 60-206[a], method in this statute governs "[w]hen an act is to be performed within any prescribed time under *any* law of this state"); 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1162 (1987).

The Board also relies on the long line of cases which hold that the Workers Compensation Act is complete in itself and may not be supplemented by borrowing from the Code of Civil Procedure. See, *e.g., Kissick v. Salina Manufacturing Co., Inc.,* 204 Kan. 849, 466 P.2d 344(1970) (no provision for dismissing appeal upon employer's failure to pay compensation benefits); *Dunn v. Kuhlman Diecasting Co.,* 203 Kan. 670, 455 P.2d 536 (1969) (no provision for motions for new trial or other post-judgment motions); *Krueger v. Hoch,* 202 Kan. 319, 447 P.2d 823 (1968) (no provision requiring employer to make compensation payments between Supreme Court decision reversing award and mandate); *Clouston v. Board of Johnson County Comm'rs,* 11 Kan. App. 2d 112, 715 P.2d 29 (1986) (no provision for common law action for restitution). These cases concern statutory procedures which have been omitted from the Workers Compensation Act. None of them involve a statute such as 60-206(a), which by its explicit terms is generally applicable to all statutory time limits.

Finally, the Board argues that 51-18-2 provides the method for computing the 10-day period under 44-551 and, thus, 60-206(a) does not apply. The Board contends the regulation shows the time period begins to run on the day after the decision is issued and does not provide additional days for weekends or holidays.

This argument has several flaws. First, the Board seems to confuse effective dates with counted days. K.A.R. 51-18-2 reiterates the definition of effective date set forth in 44-525(a). An effective date may start the time limit for filing an appeal, but it provides no indication as to which days are counted in determining whether the time limit is satisfied. For example, in *Atkinson v. U.S.D. No. 383,* 235 Kan. 793, 798, 684 P.2d 424 (1984), the court held the *effective* date of the school board's decision to nonrenew a teacher's contract was the day the board mailed the decision. The court applied 60-206(a), nonetheless, to determine the day after mailing the decision represented the first counted day of the period for the teacher to file an appeal.

In short, 51-18-2 does not provide a method of computing the period for requesting review. Even though the day after the date noted on the decision constitutes the "effective date" of a workers compensation award and applications must be received within 10 days, 51-18-2 does not specifically provide a method for computing the 10-day period. Absent such a provision, the calculation method of 60-206 applies to determine how the days are counted between the effective date and the deadline.

A second flaw with the Board's argument is that it overlooks the limitations of administrative rules and regulations. "Administrative rules and regulations to be valid must be appropriate, reasonable and not inconsistent with the law." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment,* 234 Kan. 374, 379, 673 P.2d 1126 (1983). Put another way, "Administrative regulations do not supplant statutory law nor do they preempt judicial statutory construction." *In re Tax Appeal of Chief Industries, Inc.,* 255 Kan. 640, 650, 875 P.2d 278 (1994).

The time limitation in 44-551 is a time limitation imposed by the legislature. The method for computing that time period is contained in 60-206(a), because the legislature elected not to specifically provide a different computation method in 44-551. Any construction of 51-18-2 which conflicts with the legislative decision to apply the computation method of 60-206(a) must be rejected.

The Supreme Court recently addressed a problem similar to the one presented here in *Jones v. Continental Can Co.,* 260 Kan. 547,

550, 920 P.2d 939 (1996). Jones addressed the question whether the "three-day mailing rule" under Supreme Court Rules 1.05(c) (1996 Kan. Ct. R. Annot. 5) and 9.04(c) (1996 Kan. Ct. R. Annot. 56) applies to an appeal from the Workers Compensation Board pursuant to 44-556(a). The court concluded the "three-day mailing rule" did not apply, reasoning that 44-556(a) imposes a 30-day time limit for filing appeals which is a jurisdictional requirement, and that it would be improper to use court rules to expand the court's jurisdiction. *Jones* is instructive in emphasizing that jurisdiction is controlled by statute and that statutory provisions for appeals take precedence over conflicting rules.

The *Jones* decision mentions 60-206(a) in passing. The issues raised in *Jones*, however, did not require the court to interpret 60-206(a) or to examine the relation between 60-206(a) and 44-551.

Application of 60-206(a), 44-551, and 51-18-2 results in the following chronology:

| | | |
|---|---|---|
| Friday | 4/28/95 | — Date of ALJ decision |
| Saturday | 4/29/95 | — Effective date of ALJ decision |
| Sunday | 4/30/95 | — Sundays not counted |
| Monday | 5/01/95 | — First counted day |
| Saturday | 5/06/95 | — Saturdays not counted |
| Sunday | 5/07/95 | — Sundays not counted |
| Wednesday | 5/10/95 | — McIntyre application filed |
| Friday | 5/12/95 | —Tenth counted day. |

For all the foregoing reasons, the Board erred in refusing to apply 60-206(a) and in dismissing McIntyre's application for review.

Reversed and remanded.