No. 81,478

In the Matter of R.L.C.

(978 P.2d 285)

Opinion filed April 16, 1999.

*Athena E. Andaya,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellant.

*Denise L. Everhart,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case presents the question of whether this court, in a juvenile proceeding, has jurisdiction to entertain an interlocutory appeal by the prosecution under the provisions of the Kansas Code of Criminal Procedure. We hold that appellate rights in juvenile proceedings are limited by those statutory provisions contained in the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.*, and dismiss the appeal.

The action in this case was initiated by the State under the Kansas Juvenile Offenders Code. The respondent, R.L.C., 15 years old, was charged with the first-degree premeditated murder of Michael Walker, K.S.A. 21-3401(a), and the aggravated battery of Jason Fields, K.S.A. 21-3414(a)(1)(C). The State filed a motion to waive jurisdiction pursuant to K.S.A. 38-1636 in order to have the respondent prosecuted as an adult. After a full hearing, the court denied the State's motion and the matter proceeded under the Kansas Juvenile Offenders Code.

In the juvenile proceeding, the respondent filed a motion to suppress the testimony of an eyewitness to the murder charge be excluded on the basis that the testimony was unreliable. A full transcript of the hearing conducted by the trial court on this motion is contained in the record on appeal. After all evidence and argument of counsel, the court took the matter under advisement. Two days later, on June 16, 1998, in a further hearing involving respondent, his counsel, and counsel for the State, the court ruled from the bench that the eyewitness testimony offered by the State be suppressed. Counsel for the respondent moved for dismissal of the case but the court cut counsel off, stating that it was not going to rule on the motion prematurely and that it did not "know what other evidence is there." The State sought clarification of the court's suppression ruling but did not move to dismiss or inform the court as to the significance of the suppression ruling to its case.

The court noted that its suppression ruling was "a significant ruling" and informed the State: "Perhaps you should both think about the posture of the case and maybe discuss the posture of the case and let me know either this afternoon or tomorrow what you want to do. It could be you want to appeal this ruling. Thank you very much."

On June 19, 1998, the State filed its notice of appeal from the suppression ruling. The notice of appeal states: "This appeal is taken under authority of K.S.A. 22-3603, K.S.A. 38-1682, and K.S.A. [1998 Supp.] 38-1683. The judgment of dismissal is found in the District Court's Memorandum Opinion file[d] June, 1988."

However, we note that there is no judgment of dismissal in the record on appeal. The only record of the trial court's suppression

is the transcript of its ruling from the bench, which did not dismiss the case. In a later amended notice of appeal, the State again relies upon K.S.A. 22-3603, K.S.A. 38-1682, and K.S.A. 1998 Supp. 38-1683 but does not reference a judgment of dismissal. In its docketing statement, the State acknowledges that the appeal is taken under the Kansas Juvenile Offenders Code. However, the State specifies that the statutory basis for its interlocutory appeal is K.S.A. 22-3603, which authorizes an interlocutory appeal by the State in actions under the Kansas Code of Criminal Procedure. Thus, the dispositive question is whether, in a juvenile proceeding under the Kansas Juvenile Offenders Code, this court has jurisdiction over an interlocutory appeal by the State filed under the Kansas Code of Criminal Procedure.

The State would have us review the trial court's ruling upon the suppression. It asks this court to reverse the trial court's suppression of eyewitness testimony because under the totality of circumstances, the identification was sufficient to allow it to be considered by the finder of fact. We are unable to address the question asked. We have no jurisdiction under the Kansas Code of Criminal Procedure to address an attempted appeal from an order in a juvenile proceeding under the Kansas Juvenile Offenders Code.

All parties acknowledge that the attempted appeal is from an order entered in a proceeding under the Kansas Juvenile Offenders Code. Appeals under the Kansas Juvenile Offenders Code are governed by K.S.A. 38-1681 *et seq*. K.S.A. 1998 Supp. 38-1682 specifies the circumstances under which an appeal may be taken by the prosecution:

"An appeal may be taken by the prosecution from an order dismissing proceedings when jeopardy has not attached, from an order denying authorization to prosecute a respondent as an adult or upon a question reserved by the prosecution. An appeal upon a question reserved by the prosecution shall be taken within 10 days after the respondent has been adjudged to be a juvenile offender. Other appeals by the prosecution shall be taken within 10 days after the entry of the order appealed from."

K.S.A. 1998 Supp. 38-1683(b) provides that the procedure to be used in such appeals should be governed by the provisions of the Code of Civil Procedure relating to appeals, K.S.A. 60-2101 *et seq*.

Nothing within the Kansas Juvenile Offenders Code provides a statutory basis for the State's appeal in this case.

The Kansas Juvenile Offenders Code contains no provision similar to K.S.A. 22-3603 which authorizes an interlocutory appeal from suppression rulings in actions under the Kansas Code of Criminal Procedure:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, *suppressing evidence* or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal." (Emphasis added.)

Thus, the only manner in which the State may appeal a suppression ruling under the Kansas Juvenile Offenders Code is when that suppression results in the dismissal of the case. See K.S.A. 1998 Supp. 38-1682.

As noted above, the State did not indicate to the trial court that its ruling was dispositive of the case and did not ask the court to dismiss. Jeopardy had not attached in this pretrial motion to suppress. If the court had dismissed either on request of the respondent or the State, the statutory basis for this appeal under K.S.A. 1998 Supp 38-1682 would have existed. In its brief, the State now argues that it is appealing an order dismissing the proceeding, as the State is "unable to present a prima facie case without the testimony of the only eyewitness to the Appellee's involvement of the murder. The court's pretrial ruling is determinative of the case." Without disclosing this information to the trial court, and without requesting dismissal on this basis before the trial court, the State filed an appeal under K.S.A. 22-3603 of the Kansas Code of Criminal Procedure which expressly applies to criminal actions, not Kansas Juvenile Offenders Code actions.

Obviously, the State failed to consider the impact of the court's ruling when entered. The trial court left the matter open suggesting that the State might want to appeal from its order. Within two days of the suppression ruling, the State appealed under the adult provisions of the criminal code when a review of the juvenile statutes regarding appeal by the prosecution would have revealed the

correct procedure. At this late date, the State asks this court to allow it to do what it should have done had it read the statute.

The law in Kansas is clear. In *In re J.D.B.*, 259 Kan. 872, 874, 915 P.2d 69 (1996), we said:

"The right to appeal is statutory. It is well established that this court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to Article 3, § 3 of the Kansas Constitution, and it is the duty of this court to dismiss an appeal when the record discloses a lack of jurisdiction. [Citations omitted.]"

The State's attempt to appeal the suppression of eyewitness testimony in a Kansas Juvenile Offender Code proceeding under statutory provisions of the Kansas Code of Criminal Procedure renders this court powerless to address the appeal. We are duty bound to dismiss the appeal because the record discloses a lack of jurisdiction.

Appeal dismissed.