No. 82,200

LOYOLA F. BAIN, *Appellee*, v. CORMACK ENTERPRISES, INC., and CONTINENTAL WESTERN INSURANCE COMPANY, *Appellants*.

(986 P.2d 373)

Opinion filed July 9, 1999.

*Jeffery R. Brewer*, of Powell & Brewer, L.L.P., of Wichita, argued the cause and was on the brief for appellant.

*Paul D. Post*, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Cormack Enterprises, Inc., (Cormack) appeals from the Workers Compensation Board (Board) ruling that its employee, Loyola F. Bain, gave notice of her work-related accident within the 10 days required by K.S.A. 44-520. Cormack argues that K.A.R. 51-17-1 applies, making Bain's notice 2 days late. However, we conclude that the Board correctly applied K.S.A. 60-206(a) in computing the 10-day period and affirm.

The case was transferred to this court pursuant to K.S.A. 20-3018(c). All parties agree that Bain meets all the statutory requirements for her workers compensation claim except the 10-day notice requirements of K.S.A. 44-520. That statute requires in part that a proceeding for compensation "shall not be maintainable unless notice of the accident . . . is given to the employer within 10 days after the date of the accident."

The Board held that the 10-day notice period in K.S.A. 44-520 was to be computed using the following method prescribed in K.S.A. 60-206(a):

"In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, *or by any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. *When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. . . .* When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply." (Emphasis added.)

K.S.A. 44-520 provides for a 10-day notice, a time "less than 11 days." Thus, the Board excluded the intervening Saturdays and Sundays as provided for in K.S.A. 60-206(a) and decided that Bain's notice of accident occurred within 8 days.

Cormack, however, argues that K.A.R. 51-17-1, a duly adopted regulation promulgated by the Director of Workers Compensation, provides the method for computing the 10-day notice requirement of K.S.A. 44-520. K.A.R. 51-17-1 states:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be a Saturday or Sunday or a statutory holiday, it is to be excluded."

If the method of computation in K.A.R. 51-17-1 applies, Saturdays and Sundays are not excluded and Bain's notice of accident was not given within the 10-day statutory period.

This case requires us to decide whether the 10-day notice requirement of K.S.A. 44-520 is to be computed by applying K.S.A. 60-206(a), or whether it is to be computed by applying K.A.R. 51-17-1. This is a question of law over which this court has unlimited review. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

K.S.A. 44-520 is silent as to the method of computing the 10-day requirement. K.S.A. 60-206(a) provides the method to be used for computing time both in Chapter 60 and outside Chapter 60 where "an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not oth-

erwise specifically provided." This court has applied the time computation method in K.S.A. 60-206(a) in a number of cases outside Chapter 60 where the governing statute has expressed a time limit but remained silent as to a method of computing the time limit. *In re J.D.B.*, 259 Kan. 872, 915 P.2d 69 (1996), involved an appeal by the prosecution in a case under the Juvenile Offenders Code. The governing statute, K.S.A. 38-1682, provided that such appeal shall be taken within 10 days after the entry of the order appealed from but did not provide a method for computing the 10-day requirement. We applied K.S.A. 60-206(a), holding that the appeal filed on the 11th day was timely because Saturdays, Sundays, and legal holidays are not included in the computation. 259 Kan. at 875. See also *State v. Ji*, 255 Kan. 101, 112, 872 P.2d 748 (1994) (appeal from refusal to modify sentence in a criminal case); *State v. White*, 234 Kan. 340, 345, 673 P.2d 1106 (1983) (speedy trial provision contained in uniform agreement on detainer); *Quivira Falls Community Ass'n v. Johnson County*, 230 Kan. 350, 353, 634 P.2d 1115 (1981) (administrative appeal from order of Board of Tax Appeals); *State v. Nelson*, 208 Kan. 404, 406, 496 P.2d 498 (1972) (time for designating record on appeal); *State v. Wilson*, 15 Kan. App. 2d 308, 311, 808 P.2d 434 (1991) (time for appealing a decision of a magistrate to the district court in a criminal case). In each of the above cases, the governing statute set forth a time period in which an act was to be performed but did not specifically provide for a method of computing that time.

K.S.A. 44-520 specifies a 10-day notice requirement but provides no method of computing the 10 days. The method for computing the 10-day requirement is not otherwise provided for in the Workers Compensation Act. Consistent with the clear language of K.S.A. 60-206(a) and our prior decisions, the method for computing the 10-day requirement of K.S.A. 44-520 is set forth in K.S.A. 60-206(a).

Cormack, nevertheless, argues that K.A.R. 51-17-1 specifically provides a method for computing the 10-day notice requirements of K.S.A. 44-520 and, therefore, excludes the application of K.S.A. 60-206(a). Cormack argues that K.S.A. 60-206(a) expressly provides that it only applies where "the method for computing such

time is not otherwise specifically provided." Cormack argues that because K.A.R. 51-17-1 provides a computation method for the Workers Compensation Act, K.S.A. 60-206(a) does not apply.

Cormack points out that K.S.A. 44-573 gives the Director of Workers Compensation the authority to "adopt and promulgate such rules and regulations as the director deems necessary for the purposes of administering and enforcing the provisions of the workers compensation act." According to Cormack, the Director possesses the statutory authority to pass regulations regarding the method of time computation to be used with reference to time periods provided for in the act. Cormack argues that K.A.R. 51-17-1, as a specific regulation, should take precedence over the catch-all provision of K.S.A. 60-206(a).

Cormack fails to note that in addition to the provisions of K.S.A. 44-573, the Director of Workers Compensation also relies upon the provisions of K.S.A. 60-206 for authority in adopting K.A.R. 51-17-1. "(Authorized by K.S.A. 60-206, K.S.A. 1972 Supp. 44-573)." This regulation, K.A.R. 51-17-1, adopted under the authority of K.S.A. 60-206, provides a more limited method for computing time than is provided for in K.S.A. 60-206(a). Specifically, K.S.A. 60-206(a) provides for the exclusion of intervening Saturdays, Sundays, and holidays when the period of time prescribed or allowed is less than 11 days.

K.A.R. 51-17-1, by providing for a more limited time than is provided for in K.S.A. 60-206(a), conflicts with the very statutory authority cited as authorization. Moreover, a statutory method for computation is already provided for and the attempt to change such computation by regulation is beyond the adopting agency's authority. Where an agency regulation exceeds the statutory authority of the agency and conflicts with an applicable statute, the regulation is invalid and void. See *Ruddick v. Boeing Co.*, 263 Kan. 494, 500, 949 P. 2d 1132(1997); *Cray v. Kennedy*, 230 Kan. 663, 676, 640 P.2d 1219 (1982). Thus, to the extent that K.A.R. 51-17-1 provides a more limited method of computing time under K.S.A. 44-520 than is already provided for in K.S.A. 60-206(a), it is void and of no force or effect.

Recently, the Kansas Court of Appeals in *McIntyre v. A.L. Abercrombie, Inc.*, 23 Kan. App. 2d 204, 929 P.2d 1386 (1996), held that the time computation in K.S.A. 60-206(a) applied to the Workers Compensation Act. Although *McIntyre* did not concern K.A.R. 51-17-1, some of the arguments raised by Cormack are similar to the arguments raised in *McIntyre*. Appellees in *McIntyre* argued that K.A.R. 51-18-2, which stated that the effective date of the administrative law judges' ruling should be the day following the date noted on the ruling, constituted a method for time computation. See 23 Kan. App. 2d at 208-09. The Court of Appeals rejected this argument primarily on the basis that the legislature had chosen not to include a specific method of time calculation in a statutory scheme. Thus, the court held that K.S.A. 60-206(a) applies over any attempt by an administrative agency to do so. See 23 Kan. App. 2d at 209-10. The court reasoned that K.S.A. 60-206(a) applies unless another way of computing time is specifically provided. The court opined that the legislature, in enacting the Workers Compensation Act, realized that K.S.A. 60-206(a) would apply unless another method of time computation was specified; the legislature chose not to specify another method of time computation by statute and, therefore, the Director of Workers Compensation could not adopt another method of time computation inconsistent with K.S.A. 60-206(a). See 23 Kan. App. 2d at 209-10. The Court of Appeals concluded:

"The time limitation in [K.S.A.] 44-551 is a time limitation imposed by the legislature. The method for computing that time period is contained in [K.S.A.] 60-206(a), because the legislature elected not to specifically provide a different computation method in [K.S.A.] 44-551. Any construction of [K.A. R.] 51-18-2 which conflicts with the legislative decision to apply the computation method of [K.S.A.] 60-206(a) must be rejected." 23 Kan. App. 2d at 209.

The same conclusion may be made in this case. The legislature chose not to specify a method of computing the 10-day notice requirement in K.S.A. 44-520. The Director of Workers Compensation has no statutory authority to adopt a regulation which conflicts with a time computation method provided by the legislature. Under such circumstances, where the legislature has chosen to

remain silent as to the method by which the time period is to be computed, the method prescribed in K.S.A 60-206(a) applies.

Affirmed.