(3 P.3d 557)

No. 82,676

CITY OF DERBY, KANSAS, *Appellee,*
v. DANNY O. HASKINS, *Appellant.*

—

Opinion
filed March 24, 2000.

*Kiehl Rathbun,* of Wichita, for appellant.

*Philip H. Alexander,* city attorney, for appellee.

Before BRAZIL, C.J., MARQUARDT, J., and EDWARD E. BOUKER,
District Judge, assigned.

BRAZIL, C.J.: Danny O. Haskins appeals an order of the district court
dismissing his appeal from a municipal court. We reverse and remand.

Haskins was sentenced in the municipal court of Derby, Kansas,
(City) on November 18, 1998. Haskins filed a notice of appeal to
the district court on December 2, 1998. The City then moved to
dismiss for lack of jurisdiction, arguing Haskins had filed beyond
the 10-day period provided by K.S.A. 1998 Supp. 22-3609(2). The
district court found the notice of appeal was untimely and dis-
missed the appeal. Whether the district court had jurisdiction is a
question of law subject to unlimited review. See *State v. Snelling,*
266 Kan. 986, 988, 975 P.2d 259 (1999).

Haskins argues the district court erred by counting the inter-
mediate Saturdays, Sundays, and legal holidays when it determined
the applicable 10-day period. K.S.A. 1998 Supp. 60-206(a) estab-
lishes the method of computing time "under any law of this state,
or any rule or regulation lawfully promulgated thereunder" unless
otherwise specifically provided. "When the period of time pre-
scribed or allowed is less than 11 days, intermediate Saturdays,
Sundays and legal holidays shall be excluded in the computation."
K.S.A. 1998 Supp. 60-206(a). The City, however, maintains K.S.A.

1998 Supp. 60-206(a) is not applicable to the statute governing appeals from municipal courts, K.S.A. 1998 Supp. 22-3609(2).

While research reveals no case specifically addressing the impact of K.S.A. 1998 Supp. 60-206(a) on K.S.A. 1998 Supp. 22-3609(2), the statutes and rules governing appellate procedure in civil cases also control appeals in criminal cases unless otherwise provided. See K.S.A. 22-3606; Rule 1.01(e) (1999 Kan. Ct. R. Annot. 1). For example, K.S.A. 1998 Supp. 60-206(a) applies to the 10-day period for filing an appeal to the district court from decisions of district magistrate judges. See K.S.A. 1998 Supp. 22-3609a; *State v. Wilson*, 15 Kan. App. 2d 308, 310-11, 808 P.2d 434 (1991); see also *Bain v. Cormack Enterprises, Inc.*, 267 Kan. 754, 755-56, 986 P.2d 373 (1999) (listing other applications of K.S.A. 60-206[a] outside Chapter 60). Here, as well, where nothing indicates a contrary intent on the part of the legislature, we hold the provisions of K.S.A. 1998 Supp. 60-206(a) apply to appeals from municipal courts under K.S.A. 1998 Supp. 22-3609(2).

We turn, then, to the facts of this case. Not counting the intermediate Saturdays, Sundays, and legal holidays, Haskins' notice of appeal was timely. Because the district court erred in concluding it was without jurisdiction, we remand for proceedings in the district court.

Reversed and remanded.