Nos. 88,496
88,497
88,498
88,499
88,500

CITY OF LAWRENCE, *Appellee*, v. DALE E. MCCORMICK,
*Appellant*.
66 P.3d 854

Review of the judgment of the Court of Appeals in an unpublished decision filed September 13, 2002.

Opinion filed April 18, 2003.

*Dale E. McCormick*, of Lawrence, was on the brief for appellant.

*Gerard E. Little*, city prosecutor, was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: In this appeal we decide if the time allowed to appeal from a municipal court to a district court excludes those days that are "observed holidays" by administrative order or whether the days to be excluded in the time computation are only those days designated "legal holidays" as statutorily defined.

The facts are not in dispute.

On Friday, November 9, 2001, Dale E. McCormick was found guilty and was sentenced in five separate cases in the Lawrence Municipal Court. He filed notices of appeal on November 27, 2001.

The district court dismissed the appeals as not being timely filed. The Court of Appeals affirmed the district court. We granted McCormick's petition for review.

It is our longstanding rule that "the right to appeal is entirely statutory and not a right vested in the United States or Kansas Constitutions; Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed in the applicable statutes." *Little Balkans Foundation, Inc. v. Kansas Racing Comm'n*, 247 Kan. 180, 188, 795 P.2d 368 (1990); accord *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 437, 721 P.2d 278 (1986). It is equally well-settled that failure to perfect an appeal from a conviction in a municipal court to the district court by filing a timely notice of appeal as is required by K.S.A. 2002 Supp. 22-3609(2) is a jurisdictional defect.

The Court of Appeals has further held in *City of Derby v. Haskins*, 27 Kan. App. 2d 250, 3 P.3d 557 (2000), that the provisions of what is now K.S.A. 2002 Supp. 60-206(a) apply to appeals from municipal courts under 22-3609(2). These issues all involve questions of law and statutory interpretation over which we have unlimited review. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997).

We first set forth the wording of the various statutes that govern this matter.

K.S.A. 2002 Supp. 22-3609 relates to appeals from municipal courts and in applicable part provides:

"(2) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from."

The provisions of K.S.A. 2002 Supp. 60-206(a) govern the computation of time and specifically define what a legal holiday is in this manner:

"(a) *Computation; legal holiday defined.* In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by

order of court, or by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday. 'Legal holiday' includes any day designated as a holiday by the congress of the United States, or by the legislature of this state. When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply."

Legal public holidays are statutorily designated by K.S.A. 35-107, which states:

"(a) On and after January 1, 1976, the following days are declared to be legal public holidays and are to be observed as such:

"New Year's Day, January 1;
"Lincoln's Birthday, the twelfth day in February;
"Washington's Birthday, the third Monday in February;
"Memorial Day, the last Monday in May;
"Independence Day, July 4;
"Labor Day, the first Monday in September;
"Columbus Day, the second Monday in October;
"Veterans Day, the eleventh day in November;
"Thanksgiving Day, the fourth Thursday in November;
"Christmas Day, December 25.

"(b) Any reference in the laws of this state concerning observance of legal holidays shall on and after January 1, 1976, be considered as a reference to the day or days prescribed in subsection (a) hereof for the observance of such legal holiday or holidays."

Finally, we note K.S.A. 2002 Supp. 60-206(a) defines a legal holiday as including any day designated as a holiday by the Congress of the United States. Rule 45 of the Federal Rules of Criminal Procedure defines "legal holiday" as including "New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day

appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held."

McCormick argues that in the computation of the 10-day time period within which he has to appeal we must exclude "observed" legal holidays, giving him until November 28, 2001, to file his notices of appeal. He takes the position that because some offices were closed on the day after Veterans Day (Monday, November 12, 2001), and the day after Thanksgiving (Friday, November 23, 2001), these days should not have been counted in the computation of time under K.S.A. 2002 Supp. 60-206.

The City of Lawrence (City) contends that the only "legal holidays" are those which are specifically designated by the legislature under K.S.A. 35-107. The legislature has not designated the day after Veterans Day, if it falls on a Saturday or a Sunday, as a "legal holiday," nor has it designated the Friday after Thanksgiving as a "legal holiday." The City says the statutes must be construed as written and are not to be expanded by adding "observed" to their language and that the district court and the Court of Appeals correctly decided that McCormick's time to file his appeal expired on November 26, 2001.

Although the Kansas Supreme Court by Administrative Order No. 149 followed the executive memorandum issued by Governor Bill Graves on June 15, 2001, and designated Monday, November 12, 2001, and Friday, November 23, 2001, as 2001 holidays, this act must not be considered as attempting to usurp the legislature's right to declare and define what a "legal holiday" is for purposes of our appeal statute. In order to uphold McCormick's contentions, we would be forced to conclude that the Governor by administrative order or our court by administrative order has the power and authority to amend legislative enactments. Such power does not exist with either the Executive or the Judicial branch of government.

As we said in *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001), in construing statutes "[o]rdinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English

language is in it." Kansas has chosen to specify specific dates that are "legal holidays." Kansas has not chosen to extend those holidays to the next Monday if the chosen date falls on a Saturday or a Sunday. Nor has Kansas chosen to make the Friday after Thanksgiving a "legal holiday."

There is no mention in the clear statutory language of any extension of the days designated to include any day which may be an "observed" holiday. To attempt to do so is contrary to our obligation to construe statutes as they are written, and we must not "read such a statute so as to add something not readily found in it." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001).

The statutory term "legal holiday" was defined recently in keeping with *In re Marriage of Riggle*, 30 Kan. App. 2d 967, Syl ¶ 6, 52 P.3d 360 (2002). *Riggle* differs factually from our case, but the result it reaches is consistent with our decision herein.

A similar issue involving our Kansas statutes was decided in *In re Cascade Oil Co.*, 848 F.2d 1062 (10th Cir. 1988). The court dismissed the appeal after it was held the notice of appeal was not filed within the required 30-day period after entry of the judgment appealed from.

In *Cascade Oil*, the district court judgment was entered October 28, 1987. The appellant argued that since the day after Thanksgiving, November 27, 1987, was a legal holiday in Kansas, the notice of appeal was timely filed on the succeeding Monday, November 30, 1987. It was appellant's contention that because state courts were closed by administrative order, the day after Thanksgiving was a designated legal state holiday.

The *Cascade Oil* opinion looked to the federal rules and said: "We believe the term 'legal holiday' as used in Rule 6(a) includes statutory state holidays." 848 F.2d at 1064. The opinion continued:

"Of particular relevance is the inclusion of *statutory* state holidays within the term 'legal holiday.' 'Statutory state holidays' are, as the term implies, those designated by the legislature through the enactment of statutes. Obviously, courts cannot establish statutory state holidays. Consequently, the Supreme Court for the State of Kansas cannot establish a legal holiday within the meaning of Fed. R. App. P. 26(a).

"Kan. Stat. Ann § 60-206 (1983) is the Kansas statute that governs the computation of time regarding the state rules of civil procedure. This statute provides,

in pertinent part: ' "Legal holiday" includes any day designated as a holiday by the congress of the United States, or by the legislature of this state.' The Kansas state legislature has enumerated the state holidays in Kan. Stat. Ann. § 35-107 (1986). The day following Thanksgiving Day is not among them." 848 F.2d at 1064.

The *Cascade Oil* reasoning is consistent with the manner in which we construe K.S.A. 2002 Supp. 60-206(a). A "legal holiday" must be construed to be defined as it is written. We will not attempt by judicial construction to add "deemed" or "observed" or any other expanded language to the statute as it is written. Monday, November 12, 2001, and Friday, November 23, 2001, were *not* legal holidays for the purposes of computing the time within which an appeal must have been filed under K.S.A. 2002 Supp. 22-3609(2).

McCormick's time for appeal is computed beginning Monday, November 12, 2001. November 17 and 18 and 24 and 25 are excluded from the time calculations because they are Saturdays and Sundays. November 22 was Thanksgiving, a "legal holiday." This day *is* excluded. Timely notices of appeal were due to be filed no later than Monday, November 26, 2001.

The appeals filed by McCormick on November 27, 2001, were untimely. The judgment of the Court of Appeals affirming the district court is affirmed. The district court properly dismissed the appeals and is affirmed.

ABBOTT and GERNON, JJ., not participating.

LARSON, S.J., and ALLEN, S.J., assigned■