In re CASCADE OIL
COMPANY, Debtor.

OFFICIAL CREDITORS' COMMITTEE,
(Joined in by Cascade Company, Inc.);
Cascade Liquidating Trust, Appellees,

v.

James CROOKER, Appellant.

No. 87–2837.

United States Court of Appeals,
Tenth Circuit.

June 6, 1988.

Mark A. Weisbart, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex. (Michael Jones, Hershberger, Patterson, Jones & Roth, Wichita, Kan., with him on the brief), for appellees.

Alexander B. Mitchell and J. Michael Morris, Klenda, Mitchell, Austerman & Zuercher, Wichita, Kan., for appellant.

Before LOGAN and BARRETT, Circuit Judges, and BRETT, District Judge.*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unani-

mously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

This is an appeal from a judgment of the United States District Court for the District of Kansas entered on October 28, 1987. The appellant filed his notice of appeal on November 30, 1987. The issue before the court is whether the notice of appeal was timely filed.

■ A notice of appeal in a civil case must be filed within thirty days after the date of entry of the judgment or order from which the appeal is taken. *See* Fed. R.App.P. 4(a)(1). This time limit is mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).

■ Thirty days past October 28, 1987, is Friday, November 27, 1987. Thus, the appellant appears to have filed his notice of appeal out of time. The appellant argues, however, that November 27, 1987, was a legal holiday in Kansas within the meaning of Fed.R.App.P. 26(a). If this contention is correct, the notice was timely filed on Monday, November 30, 1987, the day succeeding November 27 which was not a Saturday, Sunday, or legal holiday.

Fed.R.App.P. 26(a) provides:

**Computation of Time.** In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Satur-

days, Sundays, and legal holidays shall be excluded in the computation. As used in this rule "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States. *It shall also include a day appointed as a holiday by the state wherein the district court which rendered the judgment or order which is or may be appealed from is situated,* or by the state wherein the principal office of the clerk of the court of appeals in which the appeal is pending is located. (emphasis supplied)

During 1987, Thanksgiving Day fell on Thursday, November 26. The following day was not a legal holiday for the United States and the United States District Court for the District of Kansas was open during that day. The appellant claims that November 27, 1987, was "a day appointed as a holiday by the state" of Kansas because the state courts were all closed pursuant to an administrative order issued by the Chief Justice of the Supreme Court of the State of Kansas.

The only court opinion relevant to the issue and circumstances at hand, is *Prudential Oil & Minerals Co. v. Hamlin,* 261 F.2d 626 (10th Cir.1958). There, this court considered whether a state holiday was a "legal holiday" within the scope of Fed.R. Civ.P. 6(a). This rule governed the timeliness of notices of appeal prior to the 1967 promulgation of the Federal Rules of Appellate Procedure. Rule 6(a) did not, as the present Rule 26(a) does, specifically provide that state holidays would be legal holidays within the purview of the rule.

In *Prudential,* this court wrote:
Rule 6(a) should be liberally and realistically construed to accomplish that which the rule recognizes: the general

---

* The Honorable Thomas R. Brett, United States District Judge for the Northern District of Okla-
homa, sitting by designation.

suspension of work and labor upon Sunday and other days set aside for observance of a public purpose. Pioneer Day is such a day in Utah. Our record reveals that on the July 24th in question federal administrative employees were excused from work through administrative directive, no mail delivery was made, and the office of the Clerk of the District Court, technically open through the compulsion of 28 U.S.C. § 452, was in fact locked and unattended. Although Congress has designated certain days to be legal public holidays and recognized others as existent, 5 U.S.C.A. § 87a, there is nothing in such enactment to indicate, an intent to create a statutory limitation upon the term. We believe the term "legal holiday" as used in Rule 6(a) includes statutory state holidays. *See* Moore, Federal Practice, Vol. 2, Rule 6a, para. 6.05; Hughes, Federal Practice & Procedures, Sec. 19326.

*Id.* at 627.

Of particular relevance is the inclusion of *statutory* state holidays within the term "legal holiday." "Statutory state holidays" are, as the term implies, those designated by the legislature through the enactment of statutes. Obviously, courts cannot establish statutory state holidays. Consequently, the Supreme Court for the State of Kansas cannot establish a legal holiday within the meaning of Fed.R.App.P. 26(a).

Kan.Stat.Ann. § 60–206 (1983) is the Kansas statute that governs the computation of time regarding the state rules of civil procedure. This statute provides, in pertinent part: " 'Legal holiday' includes any day designated as a holiday by the congress of the United States, or by the legislature of this state." The Kansas state legislature has enumerated the state holidays in Kan.Stat.Ann. § 35–107 (1986). The day following Thanksgiving Day is not among them.

The notice of appeal was not timely filed. This court of appeals is without jurisdiction to consider this appeal.

This appeal is DISMISSED.