**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 20 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IN THE MATTER OF THE
APPLICATION OF CRAIG TWEEDY
FOR REINSTATEMENT TO THE
FEDERAL BAR OF THE NORTHERN
DISTRICT OF OKLAHOMA,

        Appellant.

No. 96-5238

(N.D. Oklahoma)
(D.C. No. M-267)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, HENRY,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Craig Tweedy, proceeding pro se, appeals the district court's denial of his

application for reinstatement as a member of the bar of the Northern District of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Oklahoma.  He contends that his original suspension resulted from a denial of due process and a fraud upon the court.  We affirm.

In January 1993, the judges of the Northern District of Oklahoma entered an order which suspended Tweedy from practice and from the district court rolls for a period of three years.[1]  Tweedy did not appeal that order.  When the three years expired, Tweedy sought reinstatement.  The primary basis for his request was that he had, in fact, done nothing to deserve the suspension.  On appeal, he continues to argue the merits of the original suspension.

The present appeal is, in fact, an attack on the January 1993 order, which we lack jurisdiction to review.  In re Cascade Oil Co., 848 F.2d 1062, 1063 (10th Cir. 1988) (per curiam) (noting that Fed. R. App. P. 4 time limits for filing notice of appeal are mandatory and jurisdictional and citing Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 264 (1978)).  Moreover, to the extent that this appeal might be addressed to the order denying Tweedy's recent application for reinstatement, res judicata bars any claim that the original grounds justifying disbarment were insufficient.[2]  Driver

---

[1]We note that we, too, have previously ordered Tweedy disbarred.  In re Tweedy, No. 93-672 (10th Cir. Mar. 9, 1994), R. Vol. I at 275.

[2]In a rambling attack on the recent order, Tweedy states:  "By the September 5 [1996] Order . . . Chief Judge Brett again avoided mention of the engine fraud claim - the tar-baby attaching the dark badge of guilt to the players of the Rule 34(a) plan advertised in September, 1991."  Appellant's Br. at 19-20.  According to Tweedy, the district court's action in the present case declared a "power showdown against law, rights and the Constitution by imposing egregious reinstatement conditions, such as . . . demonstrated

(continued...)

-2-

Music Co. v. Commercial Union Ins., 94 F.3d 1428, 1435 (10th Cir 1996).

Accordingly, we AFFIRM.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2](...continued)
consciousness of the wrongful conduct . . . that brought about [Tweedy's] prior
suspension." Id. at 26-27.