**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

NATHAN HAYATO FITZGERALD,

Defendant - Appellee.

No. 04-8051

(D.C. No. 03-CR-173-B)

(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

Defendant Nathan Hayato Fitzgerald pleaded guilty to a charge of traveling interstate to engage in sexual acts with a juvenile in violation of 18 U.S.C. § 2423(b). On December 29, 2003, the district court sentenced Defendant to 33 months' imprisonment, 3 years' supervised release, and a $400 fine. On January 9, 2004, the court vacated Defendant's sentence because it was

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

greatly troubled . . . by the fact that this defendant is a first offender, that in this case there was no real victim but instead the defendant was communicating electronically with a Detective of the Casper Police Department whom he thought was a 15-year-old female, and that there seems to be no question but that the defendant's behavior was aberrant and that it is very unlikely, as indicated by his psychologist, that the defendant will ever commit such an act again . . . .

Order Vacating Sentence (January 9, 2004) at 1-2. The court had thought itself bound by the Feeney Amendment, 18 U.S.C. § 3553(b)(2), which limits downward departures from the sentencing guidelines for certain sexual offenses involving children, Order Vacating Sentence (January 9, 2004) at 2, but subsequently held "that the Feeney Amendment is an unconstitutional violation of the separation of powers between the Judicial and Legislative branches," Order (April 2, 2004) at 7.

The Government appeals, arguing that the district court vacated Defendant's sentence one day after the expiration of the seven-day period in which sentences may be corrected; that even if the order had been timely, it did not correct an "arithmetical, technical, or other clear error" within the meaning of Federal Rule of Criminal Procedure 35(a); and that in any event the Feeney Amendment is constitutional.

Defendant, to his credit, concedes that the order was not timely. Rule 35 provides, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Under Federal Rule of

Criminal Procedure 45[1] this seven-day period began on December 30, 2003, the

day after the district court sentenced Defendant. January 1, New Year's Day, is

not counted, nor are Saturday, January 3, and Sunday, January 4. The district

court erred in not counting January 2 because, even though it had closed court on

---

[1]Rule 45 states in pertinent part:

(a) **Computing Time.** The following rules apply in computing any period of time specified in these rules . . .:

    (1) **Day of the Event Excluded.** Exclude the day of the act, event, or default that begins the period.

    (2) **Exclusion from Brief Periods.** Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.

    (3) **Last Day.** Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

    (4) **"Legal Holiday" Defined.** As used in this rule, "legal holiday" means:

        (A) the day set aside by statute for observing:

            (i) New Year's Day;

            (ii) Martin Luther King, Jr.'s Birthday;

            (iii) Washington's Birthday;

            (iv) Memorial Day;

            (v) Independence Day;

            (vi) Labor Day;

            (vii) Columbus Day;

            (viii) Veterans' Day;

            (ix) Thanksgiving Day;

            (x) Christmas Day; and

        (B) any other day declared a holiday by the President, the Congress, or the state where the district court is held.

(b) **Extending Time.**

    (1) **In General.** When an act must or may be done within a specified period, the court on its own may extend the time . . . .

    (2) **Exceptions.** The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules.

Fed. R. Crim. Proc. 45.

that day, January 2 is not a holiday declared by the President, Congress, or Wyoming, the state in which the court sat. *See* Fed. R. Crim. Proc. 45(a)(4)(B). The seven-day period therefore included December 30 and 31, and January 2, 5, 6, 7, and 8, but not January 9, the date the district court vacated Defendant's sentence. Under Rule 45(b)(2) the only grounds for extending the time limit are those in Rule 35 itself; and none of those grounds could apply here. The seven-day period is jurisdictional. *See United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994).

Because the order vacating Defendant's sentence was not timely, we need not reach the other issues raised by the Government. In particular, we note that the district court lacked jurisdiction to decide the constitutionality of the Feeney Amendment, as it purported to do in its April 2, 2004, Order.

We VACATE the district court's orders of January 9 and April 2, 2004, and REMAND to the district court to reinstate the original sentence.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-