**GENERAL STAR INDEMNITY COMPANY, Plaintiff**
**v.**
**VIRGIN ISLANDS PORT AUTHORITY, Defendant**

Civil No. 2001-188
District Court of the Virgin Islands
Division of St. Croix
May 29, 2008

FELICE M. QUIGLEY, ESQ., St. Croix, V.I., *For the Plaintiff.*

HENRY V. CARR, III, St. Thomas, V.I., *For the Defendant.*

GÓMEZ, *Chief Judge*

### MEMORANDUM OPINION AND ORDER

(May 29, 2008)

Before the Court is the motion of the plaintiff General Star Indemnity Company ("General Star") for a recalculation of the time for filing its

motion to reconsider this Court's December 19, 2007, Order denying General Star's motion for attorneys' fees and costs. Alternatively, General Star moves to deem the motion timely filed, or to extend the time for filing. For the reasons stated below, the Court will deny the motion.

## I. FACTS

In 2001, General Star commenced this action against Virgin Islands Port Authority ("VIPA"), a former policy-holder, seeking a declaratory judgment that the insurance policies owed no duty to defend or indemnify VIPA in other litigation (the "Yellow Cedar Litigation"). The complaint also requested a declaration that VIPA must reimburse it for all costs and attorneys' fees expended defending VIPA in the Yellow Cedar matter.

General Star moved for summary judgment against VIPA. On January 8, 2007, the Court granted General Star's motion on the issues of its duty to defend or indemnify, and reserved judgment on the attorneys' fees issue for later disposition. Thereafter, General Star filed a motion seeking reimbursement for $197,688.09 in attorneys' fees and costs incurred in its defense of VIPA in the Yellow Cedar Litigation, not the above-captioned action. On December 19, 2007, the Court entered an Order denying General Star's fee motion. On January 9, 2008, General Star moved for reconsideration of the December 19, 2007, Order. This Court subsequently denied the motion as untimely. Now, General Star moves to recalculate the time for filing the reconsideration motion, to deem the motion timely filed, or to extend the time for filing.

## II. ANALYSIS

Under Local Rule of Civil Procedure 7.4 ("Local Rule 7.4"), a party may file a motion for reconsideration "within ten (10) days after the entry of the order or decision." LRCi 7.4 (2000).[1]

Federal Rule of Civil Procedure 6(a) ("Rule 6(a)") sets forth the following guidelines for computing any time period specified in any local rule:

---

[1] Since the filing of General Star's motion for reconsideration, Local Rule 7.4 has been succeeded by Local Rule of Civil Procedure 7.3 ("Rule 7.3"). Like its predecessor, Local Rule 7.3 requires that motions for reconsideration be filed within ten days after the entry of the order sought to be reconsidered. *See* LRCi 7.3 (Jan. 25, 2008).

**(1)** *Day of the Event Excluded*. Exclude the day of the act, event, or default that begins the period.

**(2)** *Exclusions from Brief Periods*. Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.

**(3)** *Last Day*. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or—if the act to be done is filing a paper in court—a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

**(4)** *"Legal Holiday" Defined*. As used in these rules, "legal holiday" means:

> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day; and

> (B) any other day declared a holiday by the President, Congress, or the state where the district court is located.

FED. R. CIV. P. 6(a) (2007).

Because the deadline for filing a motion for reconsideration under Local Rule 7.4 is less than eleven days, intervening weekends and legal holidays are excluded from the ten-day filing period. *See* FED. R. CIV. P. 6(a)(2); *See also, e.g., Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1365 (3d Cir. 1990) (applying Rule 6(a)(2) to exclude intermediate weekends and holidays in calculating the deadline to file a post-trial motion).

Local Rule of Civil Procedure 6.1 ("Local Rule 6.1") expands upon the definition of legal holiday in the federal rule:

> As used in FED. R. CIV. P. 6(a) ... "legal holiday" includes New Year's Day, Martin Luther King's Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or Congress of the United States, or by the Territory of the Virgin Islands. Virgin Islands holidays shall include

those enumerated in 1 V.I.C. § 171(a) and any day on which the District Court of the Virgin Islands is closed.

LRCi 6.1 (2000).[2]

The days designated by the Territory as holidays are enumerated in title 1, section 171 of the Virgin Islands Code ("Section 171"). *See* V.I. CODE ANN. tit. 1, § 171 (1999). In addition to the federal holidays listed in Rule 6(a), Section 171 designates as Virgin Islands holidays: "December 26 (Christmas Second Day)[,]" "January 6 (Three King's Day)[,]" "and such other days as the President or the Governor may by proclamation declare to be holidays." *Id.*; *see also Gov't of the V.I. v. Public Employees Relations Bd.*, 22 V.I. 12, 26 (Terr. Ct. 1986) ("[Section] 171 clothes the Governor, acting alone, without the concurrence of the Legislature, to proclaim holidays.").

General Star contends that the ten-day period for filing its motion for reconsideration expired on either January 9, 2008, or on January 10, 2008. To arrive at the January 9, 2008, deadline, General Star claims that, in addition to intervening weekends, the following five days are excludable: December 24, 25, and 31, 2007, and January 1, and 4, 2008. The January 10, 2008, deadline results from the same calculations as above, plus an additional exclusion for December 26, 2007.

---

[2]     On January 25, 2008, shortly after General Star filed its reconsideration motion, Local Rule 6.1 was amended. The current version provides:

As used in Federal Rules of Civil Procedure 6(a) and 77(c). "legal holiday" includes, in addition to the days set forth in those rules, any other day appointed as a holiday by the Territory of the Virgin Islands on which the District Court of the Virgin Islands is closed.

LRCi 6.1 (2008).

Local Rule of Civil Procedure 1.1(d) ("Local Rule 1.1(d)") states that the January 25, 2008, amendments

supersede all previous civil rules promulgated by this Court or any Judge of this Court. They govern all applicable proceedings brought in this Court after they take effect. They also apply to all proceedings pending at the time they take effect, except to the extent that in the opinion of the Court the application thereof would not be feasible or would work injustice, in which event the former rules govern.

LRCi 1.1(d) (2008). In this case, it would be unreasonable to expect General Star to rely on a rule that had not yet been enacted in calculating the due date for its reconsideration motion. As such, the Court finds that it would work injustice to apply the amended Local Rule 6.1 in calculating the time for filing General Star's motion for reconsideration. In this case, the applicable version of Local Rule 6.1 is that which was in effect prior to the 2008 amendments to the Local Rules.

■ It is clear from the face of Rule 6(a), Local Rule 6.1, and Section 171 that December 25 and 26,[3] 2007, as well as January 1, 2008, are considered legal holidays. *See* FED. R. CIV. P. 6(a); LRCI 6.1; 1 V.I.C. § 171. Those three days are therefore excludable from the filing deadline calculation. *See* FED. R. CIV. P. 6(a)(2).

On the other hand, neither December 24, December 31, nor January 4, has been specifically designated as a holiday pursuant to the rules or statute. Furthermore, the Governor did not declare any holidays by proclamation during the time period relevant to this matter. *See* Proclamation to Provide for Administrative Leave for the Christmas Festival Season 2007-2008, Dec. 17, 2007.

In support of its argument for excluding December 24, and 31, 2007, and January 4, 2008, General Star points to a memorandum issued by the Clerk of the Court, which lists all of the holidays between May, 2007, and January, 2008, on which the Court would be closed. December 24, and 31, 2007, and January 4, 2008, are included on the list of Court holidays. However, the fact that the Court was closed for the holidays on those dates is insufficient to make them legal holidays for purposes of Rule 6(a) or Local Rule 6.1. *See, e.g., Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 9-10 (1st Cir. 2004) (holding that New Year's Eve would not be counted as a "legal holiday" for purposes of determining the timeliness of filing a motion to alter or amend a judgment, even though the court clerk's office was closed for the business day by order of the Chief Judge); *United States v. Fitzgerald*, 114 Fed. Appx. 980, 982 (10th Cir. Nov. 17, 2004) ("The district court erred in not counting January 2 because, even though it had closed court on that day, January 2 is not a holiday declared by the President, Congress, or Wyoming, the state in which the court sat."); *Id.* at 982; *In re Cascade Oil Co.*, 848 F.2d 1062

---

[3]    The Court notes that it was open on December 26, 2007. However, because that day has been appointed as a holiday by the Territory, *see* 1 V.I.C. § 171, it is excluded from the time calculation pursuant to Local Rule 6.1. *See* LRCI 6.1; *see also, e.g., Reyes-Cardona v. J.C. Penney Co.*, 690 F.2d 1 (1st Cir. 1982) (per curiam) (excluding a Puerto Rican legal holiday under Rule 6(a), even though the district court clerk's office open on that day); *Shamis v. Ambassador Factors Corp.*, 2001 U.S. Dist. LEXIS 172, *9 n.1 (S.D.N.Y. Jan. 10, 2001) (excluding Election Day from a ten-day time calculation because, "[a]lthough this Court was open for business on Election Day, November 7, 2000, New York statute renders it a legal holiday"); *Kelly v. MD Buyline, Inc.*, 2 F. Supp. 2d 420, 425 n.1 (S.D.N.Y. 1998) ("Lincoln's Birthday, February 12, is excluded from computation because it is a New York State holiday.").

(10th Cir. 1988) (holding that an administrative order issued by the chief justice of the Kansas Supreme Court closing all state courts on the day after Thanksgiving did not make the day a legal holiday within the meaning of Rule 6(a)); *Miller v. Beal Bank*, 2006 U.S. Dist. LEXIS 4144, *10 (E.D. Mich. Jan. 17, 2006) (explaining that the day after Thanksgiving is not listed as a legal holiday in Rule 6(a), so it is not excluded from computation of time, even though the defendants understood that the court was closed that day); *see also Republic of Philippines v. Marcos*, 1987 U.S. Dist. LEXIS 11437, *7 (S.D.N.Y. Dec. 14, 1987) ("Rule 6 does not include local court closings in its definition of 'legal holiday', perhaps because of reluctance to charge parties with knowledge of such closings.").

Because December 26 and 31, 2007, and January 4, 2008, have not been designated as holidays by the Virgin Islands pursuant to Section 171, or proclaimed as holidays by the Governor, they are not excludable from the Rule 6(a) calculation as legal holidays.[4] *See id.*; *see also* LRCI 6.1 (requiring legal holidays to be appointed as such by the Territory). Furthermore, General Star does not claim that the last day to file its reconsideration motion fell on any of those dates, so they are not excludable under Rule 6(a)(3). *See* FED. R. CIV. P. 6(a)(3) (providing that, if the filing deadline falls on a day when the court is inaccessible, the clock is tolled until the next day when the court is accessible). Accordingly, in calculating the time for filing General Star's reconsideration motion, the Court will exclude only intermediate weekends and the legal holidays of December 25 and 26, 2007, and January 1, 2008. After accounting for those exclusions, the ten-day filing period ended on January 7, 2008. General Star's reconsideration motion, filed on January 9, 2008, was therefore untimely.

As to its motion to deem the reconsideration motion timely filed, General Star has offered absolutely no reason why the Court should do so. It does, however, argue that good cause exists for extending the filing deadline pursuant to Federal Rule of Civil Procedure 6(b). *See* FED. R. CIV. P. 6(b) (allowing extensions of time for good cause shown). General

---

[4] Only the Division of St. Croix was closed on January 4, 2008, which is further support for the conclusion that such day was not a legal holiday for Rule 6 purposes. *Cf. Anselmo v. James*, 449 F. Supp. 922, 927 (D. Mass. 1978) (holding that a local holiday that did not apply state-wide would not serve to extend a filing deadline).

Star states that its attorney was having personal problems, and was off-island during the holidays. As a result, General Star's attorney did not see the December 19, 2007, Order denying the fee application until January 7, 2008. However, General Star does not state that its attorney was not served with the Order until January 7, 2008. In fact, the Order was sent to General Star's counsel electronically after it was docketed on December 19, 2007. The failure of General Star's attorney to check her email does not constitute good cause for the delay. *See, e.g., In re Genesis Health Ventures, Inc.*, 248 Fed. Appx. 475, 477 (3d Cir. 2007) (holding that a one-day delay in the postal delivery of a notice of appeal did not constitute good cause warranting an extension of time because the attorney could have mailed the notice earlier); *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 448-49 (M.D.N.C. 2005) (holding that the plaintiff's request for an extension of time was not made for good cause, as the plaintiff should have had ample time to respond to the claims, and the issues did not appear to be extraordinarily complex).

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that General Star's motion to recalculate the filing deadline, to deem its reconsideration motion timely filed, and for an extension of time to file is **DENIED.**